OLE A. ANDERSON *vs.* NORTHERN MILL COMPANY.

January 31, 1890.

**Negligence — Dangerous Work—Omission of Usual Warning.—** Respondent was employed in appellant's saw-mill by B., who had a contract with said appellant to remove from the mill, and pile in the yard, all lumber as fast as sawed.    The work performed by respondent brought him upon a part of a platform frequently made dangerous by reason of heavy timbers which came down upon it from the saws above, with great velocity and at irregular intervals.    The appellant had adopted and practised the custom of warning the men upon the platform of the coming of these timbers, by means of a signal, usually given by a man or boy stand-

ing at the head of the slide or chute through which the timbers were sent, thus affording the workmen an opportunity to avoid the danger. *Held*, that it was negligent for the appellant to omit the customary and cautionary signal, and that it was not negligence for the respondent, engrossed as he was in his work, to wholly rely upon its being given.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial before *Hooker, J.,* and verdict of $500 for plaintiff.

*Wilson & Van Derlip,* for appellant.

*Pierce, Arctander & Nickell,* for respondents.

COLLINS, J. This is an action to recover damages for personal injuries received in appellant's saw-mill. The respondent worked for one Bartlett, who had a contract with appellant to remove from the mill, and pile in its yard, all lumber as fast as the same was sawed. The sawing was done in the second story, the boards sliding down an "apron," so-called, to the main platform in the lower story as they came from the saw, while the heavy timbers came down through a slide or chute, in another place, to the same platform. The respondent's particular occupation was to assist in carrying boards from their landing-place, across the platform, to the end of the mill, where they were loaded upon cars, to be conveyed to the piling-yard. The heavy timbers came down the slide or chute at irregular intervals, sometimes in rapid succession. They were liable to come at any time, and with a momentum depending upon their size and weight. In order that the men below might have warning of their approach, which was, of course, with great rapidity, and avoid danger, appellant had adopted the precaution of signalling whenever a timber was sent down the slide, and this was usually done by a man or boy, who, standing at the head of the slide, shouted out or whistled to those at work upon the platform. At the time respondent was injured he was engaged in carrying the forward end of a board, another workman having the other end, across the platform from the foot of the apron to a car at the end of the mill.. He was struck by a heavy timber, which had descended with great velocity through the slide, and without the usual warning of its approach, as he alleges, and as must have been found by the jury in order to have returned a verdict for

the plaintiff. The only negligence complained of is the failure and omission of the appellant to give the customary signal to the men at work on the platform at the time the timber which caused the injury was sent down among them from the floor above. The contention of the appellant is—*First*, that the plaintiff was guilty of contributory negligence proximately inducing the injury, because of his admission that he relied implicitly upon the signal, and therefore did not look at the slide, in plain view, for descending timbers, as he approached the dangerous part of the platform; *second*, that as there was no duty on the part of the appellant to give a signal or warning, it was not negligence to omit it; and, *third*, that, as the respondent continued in the employment with knowledge of the danger, he waived the right of compensation for the injury it is admitted he received. The appellant also claims that testimony was erroneously received, and that there was error in the charge of the court upon the trial, but we are clearly of the opinion that nothing need be said upon these points. They are without merit. Nor need we discuss at length either of the other questions. The duty, in the abstract, of the appellant to give warning, by signal, of the coming of timbers through the slide, is not involved. It had selected this method of notifying the men at work upon the platform of the coming danger, it had adopted and practised the custom of giving the warning, and the respondent had every reason to suppose such custom would be continued. It was negligence for the appellant to omit to give the cautionary signal of approaching danger, and it was not negligence for the respondent, engrossed as he was in his work, to wholly rely upon it. This subject has been very fully considered and discussed, quite recently, in *Erickson* v. *St. Paul & Duluth R. Co.*, 41 Minn. 500, (43 N. W. Rep. 332.) The cases are alike in all of their essential features.

Order affirmed.