## KREY v. SCHLUSSNER.

*(Supreme Court, General Term, Second Department. December 14, 1891.)*

1. NEGLIGENCE—DANGEROUS PREMISES—ELEVATORS.
    Plaintiff's intestate, a boy 15 years old, while delivering goods to defendant, owner of a flat-house and occupant of one of the floors therein, by means of a dumb-waiter worked from the cellar floor, was killed, while standing under the raised waiter, by the breaking of the hoisting rope, which was so worn that its insufficiency would have been apparent on a casual inspection. *Held,* that deceased had the right to rely upon defendant having performed the duty cast upon him by law to have the dumb-waiter in a safe condition for all persons invited to use it, and was not guilty of such negligence in standing beneath it as would defeat a recovery.

2. SAME—EVIDENCE—UNRESPONSIVE ANSWER.
    In such case, defendant's servant girl, called by plaintiff as a witness, in answer to the question, "What was it that broke that made the dumb-waiter go down?" replied, "Because he was hanging on the dumb-waiter." *Held* error to refuse the request to strike out such answer, as not responsive.

Appeal from circuit court, Kings county.

Action by George Krey, as administrator, etc., of Adam Krey, deceased, against Charles Schlussner, to recover for the death of plaintiff's intestate caused by the alleged negligence of the defendant. Plaintiff appeals from a judgment dismissing his complaint. Reversed.

Plaintiff's intestate, a boy 15 years old, was employed by one Bundschud, a butcher, to deliver goods, and was sent by Bundschud to deliver meat to defendant, who owned a four-story flat-house, and occupied the first floor thereof above the ground. Groceries, meat, coal, wood, etc., were delivered to the occupants or the various flats by means of a dumb-waiter running from the cellar to the roof of the building in an elevator shaft, access to which was had through the cellar. The dumb-waiter was raised by means of a rope passing from the elevator box over a pulley in the roof. The intestate placed the meat to be delivered on the elevator, and raised it to the defendant's floor, but while the same was being removed therefrom, and he was under the elevator,

and holding the hoisting rope, the rope broke, and the elevator fell and killed him. There was evidence at the trial that the rope was worn out and entirely unfit for use. A servant girl in defendant's employ was called as a witness for plaintiff, and, after testifying to the circumstances of the accident, was asked, "What was it that broke that made the dumb-waiter go down?" and replied, "Well, because he was hanging on the dumb-waiter." The court refused counsel's request to strike out the answer. The court nonsuited plaintiff, and he appealed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Dailey & Bell,* (*A. H. Dailey,* of counsel,) for appellant. *John R. Reid,* for respondent.

PRATT, J. The testimony clearly showed that the elevator rope was so worn that its insufficiency would have been apparent upon even a casual inspection. The defendant owed a duty to all persons whom he invited to use it to see that it was maintained in a reasonably safe condition. In that duty he failed, and upon that branch of the case a verdict would properly have gone against him. The question whether the deceased was guilty of contributory negligence must be considered in view of the duty of plaintiff. Deceased had a right to rely upon defendant having performed the duty cast upon him by the law, viz., to have the elevator in a safe condition. Had it been in such condition, the act of deceased in standing below it when working it would not have exposed him to danger. Worked from below, as its construction required, it is not easy to see how the operator could be free from danger if the rope was defective. Had the rope been sound, as deceased had a right to presume, danger would not have existed. We do not see that deceased can be said to be responsible for the injury he received. Being young, had his conduct not been marked with the care to be expected from an older person, a less degree of caution would have satisfied the law. *McGovern* v. *Railroad Co.,* 67 N. Y. 417; *Byrne* v. *Railroad Co.,* 83 N. Y. 620. Various questions were put to an expert witness, which were excluded. We are inclined to think they were admissible, but the conclusion already expressed renders it needless to discuss them at length. The opinion which defendant's servant was allowed to express as to the cause of the rope breaking was not called for by the question, and should have been stricken out. Its retention was error that, by itself, would require a reversal. Judgment reversed; new trial ordered; costs to abide event.