GEORGE W. HARMER, DEFENDANT IN ERROR, v. REED
APARTMENT AND INVESTMENT COMPANY, PLAINTIFF
IN ERROR.

Argued June 19, 1902—Decided November 17, 1902.

The plaintiff, in the employ of a contractor for the erection of a build-
ing, including an elevator, was injured while painting the inside
of the elevator shaft by being struck by the descending counter-
weight. The defendant was using the elevator, before the comple-
tion of the contract for the erection of the building, by the consent
of the contractor, and it had customarily given warnings of the
movement of the elevator. *Held*—

1. That the defendant was negligent in moving the elevator with-
out giving warning.

2. That it was a question for the jury to determine whether the
plaintiff was guilty of contributory negligence in placing himself
where the counter-weight would descend, relying upon the giving of
the customary signals.

On error to the Atlantic Circuit.

For the plaintiff in error, *David J. Pancoast.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff, a painter, was in the em-
ploy of Wilbert Beaumont, who had a contract to build an
apartment house for the defendant. The building was so
nearly completed that the elevator was in the elevator shaft
and had been running for about ten days under the control
of the defendant, with the permission of the contractor. The
elevator shaft was enclosed on the front with a metal grill-
work. The doors were not on. The side and back grills were
not on. To guard the elevator shaft there was a hand-rail
made of lumber.

The stairway wound around the elevator shaft, and the
plaintiff was set to work by the foreman of the painters to
varnish the inside of the elevator shaft. He commenced at

the ceiling of the fifth floor and varnished all the way down to the floor of the fourth floor. The plaintiff, with his feet on the floor, or on the stairs outside of the shaft, leaned inside of the shaft so as to get at those parts of the shaft there which he was to varnish. While in this position and so engaged, the elevator started from the lower floor to ascend, and the counter-weight started from the upper floor to descend and the descending counter-weight struck the plaintiff while so engaged in varnishing and injured his arm and shoulder, and for these injuries he brought suit and recovered on the verdict of a jury the judgment now under review.

It appears from the evidence of the plaintiff that when the elevator was used he heard the men say: "Hello warning and hello load."

One of the defendant's witnesses, a part owner, who was looking after the interests of the company in the erection of the building, testifies that he spent four or five hours of each day, during the working hours, in the building, preceding the accident, but not the day of the accident; that he heard warnings given by the janitor in the employ of the defendant; that the warnings consisted in calling out "Look out above," repeated often two or three times before the elevator was moved, in a voice as loud as possible, so that it could be heard around throughout the entire building and outside. Another witness for the defendant testifies that he often heard warnings given by the janitor and the elevator man, consisting of "Look out above" or "Look out below," which could be heard very plainly in the open shaft and stairway, and testifies he was under the impression he heard them all the time. The plaintiff testifies that he was not given any caution or warning on this occasion that the elevator was going to move, and the operator of the elevator, a witness for the defendant, says nothing about whether he had been in the habit of giving warning of the moving of the elevator before the accident, or whether he gave warning at the time of the accident. Under this testimony it was negligence in the defendant to move the elevator without giving the customary signal, and the jury was justified in so finding. *Schmitt* v. *Metropolitan*

*Life Insurnce Co.,* 1 *Am. Negl. Rep.* 331; *Anderson* v. *Mill Co.,* 42 *Minn.* 424.

In this latter case, where the plaintiff was injured by being struck by a log while working in a log chute, no signal being given of its approach, although it was agreed that a signal would be given, whenever a timber was sent down the slide, the court held: "It was negligence for the company to omit to give the cautionary signal of approaching danger, and it was not negligence for the plaintiff, engrossed as he was in his work, to wholly rely upon it." See, also, case of *Railroad Co.* v. *Hardy,* 30 *Vroom* 35, 562.

It is a familiar rule that one who receives injury from the disregard of an obvious danger or a danger which could be discovered by the reasonable exercise of his faculties, is regarded as being injured through his own negligence.

It was undoubtedly obvious that when the elevator ascended the counter-weight descended and that injury would come to one in the path of the counter-weight when descending. And it would be negligence, barring recovery for injuries received by the descending counter-weight, for one to place himself in its way, knowing, or being bound to know, that it was coming down. But the counter-weight at the top at rest was no danger; the obvious danger was a moving weight. The defendant, by its manner of using the elevator, had given the plaintiff to understand that this obvious danger which he must avoid would only come into existence after he had been notified. It was not negligence in the plaintiff to rely upon receiving the customary signal. *Anderson* v. *Mill Co., supra.* The plaintiff was not a fellow-servant of the operator. He was in the employ of the contractor, who put in the elevator which was being operated before its completion by the defendant, with the contractor's consent.

It is assigned for error that the court permitted Dr. Talbot Reed, a witness for the defendant, to be asked, on cross-examination, "And you knew very well, didn't you, that if Joe Moorhouse used that elevator whenever he pleased he would risk the lives and limbs of Mr. Beaumont's workmen, didn't you?" The witness was a member of the defendant corpora-

tion, and had been looking after the interests of the company in the erection of the building, and, on direct examination, he testified as to the condition of the elevator shaft, to the use of the elevator, and the manner in which it was operated and as to warnings given by the operator of the elevator. Under these circumstances the question bore upon the witness' knowledge of the effect of operating the elevator as it was operated when the plaintiff was injured, and the answer of the witness, "Not if he cried his warnings," shows that he so understood it. We think there was no error in the allowance of the question.

An exception was also taken in this form:

"The defendant excepts to that part of the charge concerning an agreement or contract as to the caution to be given on the use of the elevator." There is no assignment of error upon this exception, unless it be the twelfth, which is "because the trial court improperly charged and instructed the jury." Both the exception and the assignment of error are so vague that it is almost impossible to find the particular part of the charge complained of. We find this part of the charge quoted in the brief of the plaintiff in error, and assume this to be the objectionable part: "Now, if you find that, for the purpose of having the use and convenience of the elevator, such a contract was entered into between these owners of the hotel, who wanted their guests to stay and have the benefit of it before the building was finished, and the persons who had the contract agreed that their employes and the guests of the house should use it in common, upon the condition of the warning being given, and that no warning was given in this instance, then you will consider whether the defendant company is liable. This is about the only ground upon which the defendant company can be held liable."

The judge had previously charged the jury, and we think correctly, by saying "that the defendant's liability is very largely the question upon which this case turns—that is, whether or not this defendant company, having agreed with the plaintiff's employe that this elevator might be run before the hotel was completed, and having been run with usual

warning given as has been said, it was started at this time without that warning, and whether the plaintiff in this case had a right to expect that, before it started, there would be a warning given, and that it was not given." Now, the language of the judge in the part of the charge above quoted as to a contract seems to us to be a limitation upon what he had previously stated was the question in the case, and to confine the plaintiff to a right to recover only if such a contract as is spoken of had been entered into. This certainly did not harm the defendant, and there is no error in this part of the charge for which a reversal should be had.

There is also an exception as follows: "The defendant also excepts to the court's definition of the word 'ordinary' in the second request." The assignment of error upon this exception seems to be the sixth—"Because the trial court, in its charge to the jury, improperly defined 'ordinary care.'"

The defendant's second request to charge was "that if the defendant exercised ordinary care in the use of the elevator at the time the plaintiff was injured, he cannot recover," and in response to this request the judge charged: "I have told you what sort of care they should use, and I say that is the law; that if the defendant exercised ordinary care—that means the reasonable care which anybody ought to exercise—in the use of that elevator at the time the plaintiff was injured, he cannot recover." This definition by the judge of "ordinary care" certainly in no way enlarged the defendant's liability. The definition of the judge was favorable to the defendant, and there was no error in this instruction.

We have examined all the other exceptions, and find no error.

The judgment should be affirmed.

*For affirmance*—The Chancellor, Dixon, Garrison, Collins, Fort, Garretson, Hendrickson, Pitney, Bogert, Vredenburgh, Voorhees.    11.

*For reversal*—The Chief Justice, Van Syckel, Adams, Vroom.    4.