FALLON, Appellant, v. HOWARD, Respondent. (Supreme Court, Appellate Division, Second Department. June 3, 1904.) Action by John Fallon, as administrator of the estate of Michael Fallon, deceased, against William C. Howard. From a judgment dismissing the complaint, plaintiff appeals. Affirmed. Edward J. McCrossin, for appellant. Frederic W. Hinrichs, for respondent.

PER CURIAM. Affirmed, with costs.

HOOKER, J. (dissenting). The plaintiff's intestate was employed by a contractor who had agreed with the defendant to remove ashes from the cellar of defendant's premises for certain stipulated compensation. The deceased and his fellow laborers had been employed during part of the day in this work. The ashes, in large cans, were rolled upon an ordinary elevator used for hoisting in buildings—an elevator raised by hand power, transmitted through a rope and drum with gearing—and hoisted a distance of seven feet, so that the floor of the elevator was level with the platform of a small hand truck upon which the cans were carted away. As the elevator stood in the latter position, there was a space of two feet between it and the floor upon which the truck stood. This floor was consequently about five feet above the cellar bottom. A plank, slightly inclined upwards to the platform of the elevator, was used in the cellar to obtain easy access to the hoist. There was in the premises a way from the cellar up to the ground floor, across which the ashes were being taken out as they left the hoist; but this way was somewhat roundabout, and not easily observable to one who might be loading the hoists in the basement.

There is no evidence, however, that the intestate did not know of this way; and it is perhaps fairly to be inferred from the evidence that he was acquainted with it. Just prior to the accident the hoist had been lifted with a load of ashes from the basement up above the ground floor, so that a two-foot space existed between the bottom of the hoist and the ground floor; and the intestate, desirous of gaining the ground floor to unload the cans from the hoist to the truck, instead of going around by the other way, which has been mentioned, stood on the uppermost edge of the inclined path in the basement and lifted himself to the ground floor, trying to gain access thereto by crawling through the two-foot space between the surface of the ground floor and the bottom of the hoist. While crawling through this space, the elevator fell, from some cause unexplained, and killed him. The administrator, in his action against the defendant owner of the building, was nonsuited upon the trial, and brings appeal to this court. I am convinced that the mere fall of the elevator raised a presumption of negligence, and cast upon the defendant, whose duty it was properly to maintain it, the burden of explaining the occurrence. Had the jury been allowed to pass upon the question, it might well have determined from the evidence that there was no interference with the elevator by those who were using it, after it had been brought to a state of rest. It had been checked by the use of a brake supplied for that purpose, and without apparent cause, and without apparently being interfered with, it fell. What was said in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, as to the fall of the counterbalance weights, may equally well be said of the fall of this elevator. The doctrine of res ipsa loquitur applies, and the proof of the accident was evidence which should have gone to the jury on the question of negligence. I am of the opinion, also, that the question of the intestate's contributory negligence was for the jury, and that his guilt in this particular was not established as matter of law, so that the learned trial court was authorized to determine the question himself. The intestate had a right to assume, I think, that, when the hoist was raised and checked by the brake provided for that purpose, the brake would accomplish the work for which it was intended, and that the elevator would remain stationary. He might well have considered that, except as to the extent of injuries he might possibly sustain, it was as safe to be under the elevator as upon it. It was natural that he should be required to stand upon it in the act of rolling off the cans. The inference follows that, if it was safe to be under the elevator at all, it was just as much so to be immediately under it, within two feet thereof, as further away from the bottom of the structure. That the conduct of the intestate was not absolutely safe is demonstrated by the sad results which followed. He might, of course, have gone around the other way, which was provided to gain access to the ground floor, and there can be little doubt that under the circumstances that would have been the wiser course to pursue; but I do not feel that the defendant's conduct can be said as

matter of law to have been such as a reasonably careful and prudent man would have eschewed under the same or similar circumstances. The question was one for the jury, and it should have been submitted. Schmitt v. Metropolitan Life Ins. Co., 13 App. Div. 120, 43 N. Y. Supp. 318; Holzmann v. Monell, 19 App. Div. 238, 46 N. Y. Supp. 129; Anderson v. Northern Mill Co., 42 Minn. 424, 44 N. W. 315; Krey v. Schlussner (Sup.) 16 N. Y. Supp. 695. The judgment should, therefore, be reversed, and a new trial granted.