## PLYMINGTON DAGGETT *v.* CHAMPLAIN MANUFACTURING COMPANY.

May Term, 1900.

Present :   ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 26, 1900.

*Evidence to rebut claim of adverse party*—The plaintiff claimed that lumber, delivered by him to one B, was in fact sold to the defendant, and merely delivered to B for the defendant, and further claimed that the fact that a part of the lumber was paid for in notes given by the defendant to B and endorsed by him, was evidence that the sale was to the defendant. The case standing thus it was not error to permit the defendant to show the nature of its transactions with B in respect to the lumber, and that the notes were given in payment of its obligations to B arising out of such transactions.

*Absence of evidence equally available to both parties, prejudicial to neither*— It not appearing that B was not equally accessible to both parties, and the evidence being as stated in the opinion, it was proper to instruct the jury that no presumption was to be drawn against either party from the fact that B was not called as a witness.

*Charge—Instruction presumed to be such as the evidence required unless record shows otherwise*—The court instructed the jury that in determining whether the defendant or B purchased the lumber they might consider the manner in which the latter dealt with the lumber, during the time in which it was being delivered to him. It not appearing from the record that the evidence did not require such an instruction, it is to be presumed that it did.

ASSUMPSIT.   Plea, the general issue.   Trial by jury, Rutland County, September Term, 1899, *Taft*, C. J., presiding. Verdict for the defendant.   The plaintiff excepted.

*Joel C. Baker* for the plaintiff.

*Butler & Moloney* for the defendant.

THOMPSON, J.   The plaintiff claimed that the defendant by its agent, J. R. McLaren, purchased of him a quantity of lumber, June 1, 1894.   This action is brought to recover the price of a part of the lumber alleged by the plaintiff to have been delivered

to the defendant under the contract, and for damages for its refusal to accept the balance of the lumber claimed to have been purchased. The defendant denied having made the alleged purchase and claimed that the plaintiff sold the lumber to one Barnard who manufactured a part of it into chair stock, and that a part of such chair stock was sold to it, with other chair stock, by Barnard. All the lumber was delivered by plaintiff to Barnard, but plaintiff claimed it was so delivered for the defendant. The plaintiff received from Barnard in part payment of the lumber delivered, notes signed by the defendant payable to the order of Barnard, and claimed on trial that such note transactions tended to show that the lumber contract was made by him with the defendant instead of Barnard. The case standing thus, it was not error to permit the defendant to show the nature of his transactions with Barnard in respect to the lumber in question, and that the notes were given in payment of lumber or chair stock purchased by it of Barnard and not for lumber purchased of plaintiff and that it paid Barnard in full for the same. This tended to rebut the claim of the plaintiff that the notes related to a transaction with him, or that the defendant understood that it was dealing with him. All the exceptions to the admission of evidence, insisted upon in argument by plaintiff's counsel, relate to evidence of this character, and therefore cannot prevail.

Barnard was not improved as a witness by either party. The evidence showed that the lumber was delivered to Barnard by the plaintiff; that all payment therefor, had been made by him to plaintiff, that the plaintiff took receipts from Barnard for each load of lumber as it was delivered purporting to show that it had been received by him from the plaintiff, and that about once a month during the delivery of the lumber, statements of account were rendered by him to plaintiff for the lumber, which purported to show an account between them. It also appeared that in October, 1894, after the defendant had refused to receive any more of the lumber and after the plaintiff had ceased delivering it to Barnard, the plaintiff brought a suit

against Barnard on account of the lumber transaction, attaching not only some of the lumber in question, but other property used in Barnard's business. The trial court instructed the jury that no presumption was to be drawn against either party on account of Barnard's absence as a witness. In view of the circumstances above referred to, and the plaintiff's letter to McLaren of Oct. 13, 1894, all strongly tending to show that the plaintiff was dealing with Barnard and not with the defendant, and it not appearing from the record that Barnard was not equally accessible for either party, it was not error to thus instruct the jury.

The plaintiff excepted to the instruction to the jury that in determining whether the defendant or Barnard purchased the lumber, they might consider the manner in which the latter dealt with it during the time it was being delivered to him. It does not appear from the record that the evidence was not such as to require such an instruction. It is to be presumed that it did. Error must be made to appear affirmatively by the record to avail a party in this court. Therefore, this exception is not sustained.

*Judgment affirmed.*