INDUSTRIAL MUTUAL INDEMNITY COMPANY *v.* PERKINS.

Opinion delivered November 26, 1906.

TRIAL,—IMPROPER ARGUMENT.—It was error to permit plaintiff's counsel to argue that the failure of defendant to produce a former employee who knew the facts about a disputed proposition warranted the jury in drawing an unfavorable inference against defendant; it being shown that such person was no longer in defendant's employment and that defendant knew nothing as to his whereabouts.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

STATEMENT BY THE COURT.

This is an action against appellant on a policy of life insurance. The complaint alleged the issuance of the policy and

the death of the assured, and recites: "That said company issued to her, the said plaintiff, its policy of insurance, to which it attached the receipt of said company for the said premium, signed and countersigned as the contract requires." The answer admitted the issuance of the policy upon which the action was brought, and admitted that the policy had attached to it a receipt for the first premium. But it denied that such premium had in fact been paid, and alleged that the policy was void for want of consideration.

The appellee introduced the policy and receipt for the premium. The policy contained the following stipulation: "This contract shall not take effect until it is delivered to the insured while in good health and the first premium paid." The death of the assured was admitted.

The appellant adduced the following evidence:

Henry Howell testified: That he knew Jack Perkins in his life time and Nicholson, who was agent of the defendant company; that Nicholson sent him the policy for Perkins as it is now produced here in court or one similar to this one, with the receipt for the first premium as it is now produced in court or similar one; that he sent said policy and receipt to Jack Perkins by his son, Macy Howell.

Macy Howell testified: That he received the policy in suit, or one like it, with the receipt for the first premium attached as now, or one like it, from his father, Henry Howell, and delivered the same to said Perkins; that Perkins did not pay him the first premium, and he said he did not have the money to do so; said that his family was away, and he had to send for them; that afterwards Perkins and he had an interest in some lumber, and Perkins asked witness to allow him to take the lumber to the amount of $5.00 to Van Buren, saying that he wanted to use that in paying this premium, to which witness agreed; that after that time Perkins showed witness a letter from Nicholson, demanding the payment of the premium on the policy, and asked witness to read it, which he did. Witness then asked Perkins if he had not used that lumber money in paying on the policy, and he said, "No."

Mrs. Nancy Howell testified: That she was present when her husband, Macy Howell, delivered the policy with the pre-

mium receipt to Jack Perkins; that Perkins did not pay the premium at the time, saying that he did not have the money; that his family was away from home, and that he had to send for them; that about a week before Perkins's death he told witness that he had not paid for the policy.

C. E. Strickland testified: That he was the secretary of the defendant company who prepared and signed the policy and premium receipt here offered in evidence; that the defendant never received the first premium; that Nicholson is not in the employ of the defendant, and witness does not know his whereabouts.

Thereupon the defendant rested.

The appellant asked a peremptory instruction which was refused. The court at the request of appellant gave the following:

"A.   If you find from the evidence that Jack Perkins never paid the first premium on the policy sued upon, then the policy never was in force, and you will find for the defendant.

"B.   If you find from the evidence that the first premium was not paid when the receipt and policy were delivered to Jack Perkins, the burden is then upon the plaintiff to prove the payment of that premium before the death of Jack Perkins."

The court on its own motion gave the following:

"(1)   If you find from a preponderance of the evidence that Perkins paid the first premium at the time the policy was delivered or at any other time before his death, then you will find for the plaintiff the amount of the policy sued on; and unless this appears from a preponderance of the evidence, you will find for the defendant.

"(2)   The issuance of a properly signed and countersigned premium receipt for the first premium is not conclusive of the fact that the premium was paid, but in the absence of countervailing evidence the jury would be warranted in finding that the premium was paid. But when other evidence tending to show that the policy and receipt were delivered without the actual payment of the first premium is introduced, then it is for the jury to say on all the evidence whether the evidence tending to show payment outweighs that which tends to show nonpayment. If it

does, you will find for the plaintiff; if it does not, you will find for the defendant."

Counsel for appellee in his argument to the jury stated that, as the defendant had failed to produce its agent, Nicholson, the presumption of law was that if he had been produced his evidence would have been against the defendant's claim. The court of its own motion interrupted the counsel, and told him in the presence and hearing of the jury that there was no such presumption, but that the counsel for the plaintiff might call attention to the matter as a fact, and the jury would be the judges of whether the absence of the agent Nicholson would warrant any unfavorable inference against defendant or not, under all the circumstances of the case. Counsel for the defendant then interposed, and objected to the court permitting counsel for the plaintiff to call the attention of the jury to the absence of Nicholson at all. The objection was overruled, and defendant excepted. The counsel for the plaintiff then in his argument to the jury called the attention of the jury to the fact that the defendant had not produced Nicholson, and insisted that its failure to produce him would warrant the jury under the circumstances to draw an unfavorable inference against defendant that the premium had been paid, as Nicholson was perhaps the only living person who knew certainly the facts about the payment of the premium. At the conclusion of the argument the defendant, in writing, requested the court to instruct the jury that: "(c) There is no presumption against the defendant by reason of the absence of Nicholson, it being shown that he is no longer in the employment of the defendant," which instruction the court refused to give, and the defendant at the time excepted.

There was a verdict for the plaintiff in the sum of $500 with 6 per cent. interest from April 3, 1905.

*Mechem & Mechem,* for appellant.

1. The case should have been taken from the jury by peremptory instruction, and the verdict is not sustained by the evidence. A receipt is only *prima facie* evidence of payment, and may be contradicted and explained by the party signing it. 5 Ark. 61; 46 Ark. 219. See, also, 65 Ark. 581; 69 Ark. 287; 13 Ill. App. 537; 103 N. W. 7; 213 Ill. 138.

2. It was error to permit counsel in argument to call the attention of the jury to the absence of Nicholson, and to refuse to instruct the jury that no presumption could be indulged from that fact. 9 So. 566; 85 S. W. 383; 37 Mo. App. 454; 47 Atl. 1081; 27 Conn. 316; 110 Ill. App. 588; 138 Ill. 539.

*J. E. London,* for appellee.

1. The delivery of the policy by Nicholson was an act within the scope of his authority, and when delivered the insurance was in force whether the premium was paid or not, and the company was liable unless it immediately repudiated the act of Nicholson. 11 S. W. 1024. But the question whether or not the premium was paid was passed upon by the jury, and their verdict will not be disturbed. 46 Ark. 142; 51 Ark. 467; 56 Ark. 314; 47 Ark. 196; *Ib.* 469.

2. Appellant had more than three months in which to find and have summoned the witness Nicholson. Its failure to produce him or his deposition was a circumstance proper for the jury to consider.

WOOD, J., (after stating the facts.) The court did not err in refusing a peremptory instruction for appellant. It was a question for the jury, under the evidence, as to whether or not the premium had been paid. The court correctly instructed the jury on that question. But the court erred in permitting counsel for the appellee in his argument "to call attention to the fact that the defendant (appellant) had not produced Nicholson and to insist that its failure to produce him would warrant the jury, under the circumstances, in drawing an unfavorable inference against the defendant (appellant) that the premium had been paid, as Nicholson was perhaps the only living person who knew certainly the facts about the payment of the premium," and erred in refusing to instruct that no presumption unfavorable to appellant could be indulged on account of the absence of Nicholson. The uncontradicted proof showed that Nicholson was not in the employ of appellant at the time of the trial, and that appellant knew nothing of his whereabouts. The witness under such circumstances is as accessible to one party as the other. Therefore no unfavorable presumption can be indulged against either for a failure to produce the witness. *Reynolds v. Ry. Co.,* 85

S. W. 323; See, also, *Daggett* v. *Champlain Mfg. Co.,* 47 Atl. Rep. 1081; *Scovill* v. *Baldwin,* 27 Conn. 316; *Diel* v. *Mo. Pac. Ry. Co.,* 37 Mo. App. 454.

Reversed and remanded for a new trial.

### ON REHEARING.

Opinion delivered December 24, 1906.

PER CURIAM.   Appellant insists that the evidence of two witnesses completely overthrew the *prima facie* case made by the delivery of the policy and receipt. The oft-repeated declaration of this court that the testimony of witnesses, unimpeached and uncontradicted, reasonable and consistent in itself, and not in conflict with other testimony or established facts can not be arbitrarily disregarded, is relied upon, and appellant relies on, as applicable to this case, the last application of this principle in the recent case of *Kansas City So. Ry. Co.* v. *Lewis,* 80 Ark. 396. The court has gone carefully over the evidence again, and its discussion reveals this difference of opinion: some of the judges do not regard it as falling within this category, and do not think it squares with the business principles involved in the transaction, and that it presents an unusual if not unreasonable story; others are doubtful of the application of this principle to this evidence, and one thinks the evidence falls squarely within the rule. This diversity of opinion of the character of this evidence demonstrates that the minds of men may well differ about it, and therefore it should go to the jury.

Motion to modify denied.