WILFRED BERNECHE v. JOHN W. HILLIARD.[1]

June 21, 1907.

Nos. 15,177—(93).

**Negligence of Fellow Servant.**

> In an action to recover for personal injuries received by plaintiff while
> in defendant's employ, in connection with the operation of a derrick used
> in raising and moving heavy articles of building material, the injury
> being caused by the sudden starting of the machinery on the order of a
> foreman in charge of the work, without notice to plaintiff, it is *held* that
> the act of the foreman in directing the engineer to start the machinery
> in motion was that of a fellow servant, for which defendant is not liable.

Action in the district court for St. Louis county to recover $10,000
for personal injuries. The case was tried before Ensign, J., and a jury,
which rendered a verdict in favor of plaintiff for $1,500. From an or-
der denying a motion for judgment notwithstanding the verdict or for
a new trial, defendant appealed. Reversed and new trial granted.

*Howard T. Abbott,* for appellant.

*John Jenswold, Jr.,* for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been
caused by the negligence of defendant. Plaintiff had a verdict, and de-
fendant appealed from an order denying his alternative motion for
judgment or a new trial.

The main facts leading up to the injury complained of are as follows:
Defendant was engaged in the construction of a building for the North-
ern Power Company at Duluth. In connection with the work he em-
ployed several crews of men and laborers, among them a crew engaged
in operating a derrick, used in lifting and placing in position heavy ar-
ticles of building material. This crew was under the direction of a
foreman named Hood, who possessed the power and authority usually
given to persons occupying that position. Plaintiff was in defendant's
employ as a member of this crew. His specific duties were those of a

[1] Reported in 112 N. W. 392.

fireman, but he performed such other labor as was from time to time assigned him by the foreman. The derrick was of the ordinary type, stationed at or near the building, and was occasionally moved from one position to another as convenience in carrying forward the work required. Immediately prior to the accident resulting in plaintiff's injury, it had been moved to a new position. Plaintiff had assisted other employees in making the change, and work was resumed in connection with its use. The boom had been turned, and the rope or chain attachments lowered within eight or ten feet of plaintiff, for the purpose of raising and moving a large rock. At about this time plaintiff called to the foreman, Hood, and inquired whether he should connect a steam hose attachment, and was directed to do so. This hose was used to convey steam and hot water for the purpose of thawing out frozen building material, but was not essential to the operation of the derrick. Plaintiff stepped upon a large timber and was in the act of connecting the hose, when the derrick was put in motion. The large rock referred to was raised, and by reason of the fact that it was not immediately beneath the end of the boom, but a few feet therefrom, it swung toward plaintiff, after being raised from the ground, striking a steam pipe near him, which in turn struck and knocked him to the ground, a distance of about four feet. He fell upon an upright timber in the wall of the building, causing the injury complained of.

It is contended by plaintiff that Hood, the foreman in charge of the work, was a vice principal, and that the injury complained of resulted solely from his failure to provide plaintiff a safe place to work, or more particularly in rendering the place unsafe and dangerous by directing the engineer in charge of the engine which operated the derrick, without notice or warning to plaintiff, to start the machinery in motion while he was engaged in connecting the steam hose. This question was submitted to the jury by the trial court, and the verdict sustains plaintiff's view of the case. Certain of the assignments of error in this court challenge the sufficiency of the evidence to sustain the verdict on this subject, while other assignments raise other questions. As our conclusion upon this branch of the case results in a reversal of the order appealed from, we do not consider any of the other questions. Whatever errors are shown in the record are not likely to occur on another trial.

It may be conceded for the purposes of the case that Hood was a

vice principal, and as such charged with the performance of all those absolute duties toward the employees under his control which the law imposed upon his master, the defendant. One of these duties was to furnish the employees under him a reasonably safe place in which to perform their work, and to warn them of all hidden or concealed dangers connected therewith. If he failed in the performance of this duty, defendant is liable for the consequences of his neglect. But, so conceding the relationship of Hood to defendant, we are clear that the evidence falls short of showing a negligent failure to perform the obligations imposed upon him. The derrick in question was operated by power from a steam engine located in the immediate vicinity, which was started in motion by the engineer in charge upon signals from those controlling his action. The employee adjusting the tackle to articles moved about the work, bearing the title of "hooker-on," when ready for the movement of the machinery, would give a "hoist" signal to the engineer, who in response thereto would turn on the power of the engine. If the "hooker-on" was not in the view of the engineer, the signal would be given to some other employee, by whom it would be repeated. On this particular occasion, the stone intended to be raised was not in sight of the engineer, and the "hooker-on" gave the signal to Hood, who repeated it to the engineer. Plaintiff's back was toward the "hooker-on" at this time, and he testified that he did not know of an intention to raise the stone while he was engaged in connecting the hose. The hose in question was of the ordinary kind, and connected without any difficulty or delay.

We are unable to discover, from the evidence presented in the record, any negligence on the part of Foreman Hood respecting any of defendant's absolute duties sufficient to support a recovery by plaintiff. There was no failure to furnish plaintiff a reasonably safe place in which to perform his work. The operation of derricks of this character is always attended with more or less danger to persons engaged about them, which the master is not required to guard against. In other words, it is not one of his absolute or personal duties to be present constantly to protect his servants from dangers incident to the ordinary conduct of the work in which they are engaged. He is required to keep the place where they are obliged to work free from hidden or concealed dangers, and to give timely warning of those not obvious or apparent.

In the case at bar, plaintiff was within eight or ten feet of the "hooker-on" when the signal was given to the engineer to start the machinery, while Hood, who repeated the signal, was some thirty feet from that point, and in no position to observe or know, so far as the evidence discloses, the condition of things at the end of the boom. There is no evidence in the record that Hood knew that to raise the rock at the particular time would endanger the safety of plaintiff, and we do not concur in the claim that he was chargeable with notice of that fact, or that he failed in performing one of the personal duties of defendant in not ascertaining it before directing the engineer to move the machinery. To charge defendant with liability for this act of Hood, knowledge in fact on his part that plaintiff would thereby be put in danger of injury should have been shown; otherwise, his act was a mere detail of the work. Jemming v. Great Northern Ry. Co.. 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696. With that fact affirmatively appearing, plaintiff could, within the rule of some of our decisions, recover. Barrett v. Reardon, 95 Minn. 425, 104 N. W. 309. But without such proof it is clear that plaintiff's injury must be held, as a matter of law, the result of dangers naturally incident to the work, which defendant was not required to guard against. In signaling the engineer to start the engine, Hood was engaged in the common employment of defendant, and was a fellow servant of plaintiff. 2 Labatt, M. & S. 607; O'Niel v. Great Northern Ry. Co.. 80 Minn. 27, 82 N. W. 1086, 51 L. R. A. 532; Doerr v. Daily News Co., 97 Minn. 248, 106 N. W. 1044; Jemming v. Great Northern Ry. Co., supra.

The order appealed from is reversed. It is not, however, a case for final judgment, and a new trial will be granted.