[No. 6787. Decided October 8, 1907.]

FRANK B. CURTIN, *Respondent*, v. CLEAR LAKE LUMBER COMPANY, *Appellant*.[1]

APPEAL—REVIEW—WAIVER OF ERROR—TRIAL. Error in overruling a motion for a nonsuit is waived by proceeding with the trial and introducing evidence.

MASTER AND SERVANT—INJURIES—SAFE PLACE—WARNING—NEGLIGENCE OF FOREMAN. A master is liable for injuries received by a woodsman by being struck by a falling limb, where it appears that he was set to work by the foreman to saw down a tree, and while so engaged, the foreman, without giving the customary warning of a falling tree, fell another tree in the vicinity which broke off the limb falling on the plaintiff before he could seek a place of safety.

SAME—WARNING—EVIDENCE—QUESTION FOR JURY. Upon an issue as to whether a warning of danger was given to a servant, the question is for the jury where the evidence of two witnesses for the defendant that plaintiff had admitted a warning is flatly denied by the plaintiff, and there is a sharp conflict in the testimony.

APPEAL—REVIEW.—HARMLESS ERROR—INSTRUCTIONS. It is harmless error to instruct that inferences should not be drawn because of the absence of material witnesses unless their whereabouts were

---

[1]Reported in 91 Pac. 956.

known to the parties and their presence could have been obtained, where it was made applicable to both parties and there was nothing to indicate that the witnesses were under the control of one party more than the other, or that one was more neglectful than the other, and no prejudice appears (RUDKIN and CROW, JJ., dissenting).

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered January 7, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee struck by a limb from a falling tree. Affirmed.

*Kerr & McCord*, for appellant.
*Smith & Cole* and *Robert H. Lindsay*, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries. The plaintiff was, at the time of the accident, in the employ of the defendant, and the latter, in the prosecution of its business, was then clearing a right of way and had its employees engaged at the place of the accident in cutting trees. The plaintiff was severely injured through being struck by a flying limb from a falling tree. He charges that the defendant was negligent in not giving him warning of the falling of the tree, so that he might have sought a place of safety and thus have protected himself. Negligence was denied by the defendant, and it alleged contributory negligence on the part of the plaintiff. The answer also alleged that the dangers were open and apparent, and that plaintiff assumed the risk of the danger. It was further averred that the injuries were due to the negligence of a fellow servant. The cause was tried before a jury, and a verdict was returned in the plaintiff's favor for the sum of $1,500. Judgment was entered upon the verdict, a new trial having been denied, and the defendant has appealed.

It is first assigned that the court erred in denying appellant's motion for nonsuit. But, as we have repeatedly held, any error in the denial of this motion was waived by appellant

when it proceeded to introduce testimony upon its own behalf and thereby elected not to stand upon its said motion. Thereafter the sufficiency of all the evidence to sustain a verdict for respondent must be considered, and not that offered by the respondent alone. The next assigned error, however, raises the sufficiency of all the evidence, it being contended that the court should have granted a new trial for lack of evidence sufficient to sustain the verdict.

The evidence showed that appellant's representative, who was especially delegated by it to superintend its work at that time and place, directed the respondent and another to proceed to cut down certain of the larger trees with a saw. While they were thus engaged, this foreman went to a place a short distance from them and began cutting a smaller tree with an ax. While respondent and his companion were still sawing upon their tree, the foreman's tree fell and, in its descent, it struck another tree, thereby causing a limb to be thrown, which injured the respondent. The evidence is all in practical accord as to the foregoing, and it is therefore evident that, if the foreman was negligent in such a manner as to proximately cause the injury, his neglect became that of his principal, the appellant. It was also practically conceded by all the witnesses that it is a general custom among woodsmen to shout "falling tree," or other equivalent words, when a tree is to fall, as a warning to others in the vicinity to look out for their safety, and that woodsmen in general expect to be protected by such warning. The respondent testified that no warning whatever was given, and that he had no notice of the falling of the tree until it struck the other tree, when it was too late for him to reach a place of safety. Two witnesses, one the superintendent of appellant and the other an employee, testified that respondent stated in their presence just after the surgeon had dressed his wounds, that the foreman did shout a warning. The respondent flatly denied that he made any such statement. There was thus a sharp conflict

in the testimony upon this material point, and neither the trial court nor this court should undertake to say, under the evidence in the record, what testimony the jury should have credited. The weight to be attached to the testimony of the several witnesses was for the jury to determine. Under the instructions of the court, the jury by the verdict must have found that respondent's testimony was true and that no warning was given. Such being an established fact in the case, it follows that appellant's negligence is also established, and that the verdict is thereby sustained.

A number of errors are assigned upon the court's refusal to give instructions in the form requested by appellant. We believe the instructions which the court gave covered fully and fairly every proper legal phase of the case, and that no prejudicial error was committed in the refusal to instruct in the language requested.

It is urged that the court erred in giving the following instruction:

"I instruct you, gentlemen of the jury, that you are not to draw any inferences from the absence of witnesses in this case, unless you should further find that the whereabouts of such witnesses were known to the parties in the case and that their presence could have been obtained or their evidence could have been obtained."

The appellant requested an instruction that no inferences could be drawn against appellant itself by reason of the absence of witnesses, but the instruction was modified by the court so as to apply to either party, and in addition thereto such words were used as may have left the jury to imply that, if they found as a fact that the whereabouts of witnesses were known to the parties and that their presence or evidence could have been obtained, then they might draw inferences from the absence of such witnesses. The statement of the court was made to apply as fully to one party as to the other. Nothing in the evidence showed that the absent witnesses were under the control of one party more than the other, or that

their whereabouts were any better known to one than to the other. For aught that appeared, it was as much within the power of respondent as of appellant to produce the witnesses or their testimony. We think, under any view of the law in the matter, that the instruction did not become prejudicial in its effect, as there was no evidence upon which the jury could predicate a finding that one party was more neglectful in this regard than the other, and the jury could not therefore draw inferences more strongly against one than the other. No authorities are cited by either party upon this point; but we are satisfied that, if there was any technical error in the instruction when considered as a whole, it was harmless for the reasons above stated.

The judgment is affirmed.

MOUNT and FULLERTON, JJ., concur.

ROOT and DUNBAR, JJ.—We think the instruction complained of erroneous but not prejudicial under the evidence and facts of this case. We concur in the result.

RUDKIN, J. (dissenting)—I dissent. As stated in the majority opinion, "Nothing in the evidence showed that the absent witnesses were under the control of one party more than the other, or that their whereabouts were any better known to one than to the other," and in such case there is no inference or presumption one way or the other.

In *Scovill v. Baldwin*, 27 Conn. 316, the court said:

"The circumstance that a particular person, who is equally within the control of both parties, is not called as a witness, is too often made the subject of comment before the jury. Such a fact lays no ground for any presumption against either party. If the witness could aid either party, such party would probably produce him. As he is not produced, the jury have no right to presume anything in respect to his knowledge of any facts in the case, because they are to try the case upon the facts shown in evidence, and upon them

alone, without attempting to guess at what might be shown if particular persons were produced by the parties."

To the same effect, see, *Haynes v. McRae*, 101 Ala. 318, 13 South. 270; *Crawford v. State*, 112 Ala. 1, 21 South. 214; *Nelms v. Steiner*, 113 Ala. 562, 22 South. 435; *Farmers' Bank v. Worthington*, 145 Mo. 91, 46 S. W. 745; *Diel v. Missouri Pacific R. Co.*, 37 Mo. App. 454; *Wood v. Agostines*, 72 Vt. 51, 47 Atl. 108; *Daggett v. Champlain Mfg. Co.*, 72 Vt. 332, 47 Atl. 1081; 22 Am. & Eng. Ency. Law (2d ed.), p. 1262.

It surely cannot be said as a matter of law that a litigant must produce every witness who may know anything about his cause or incur the risk of having the court charge the jury that they may indulge in presumption against him for his failure in that regard. If the instruction complained of is erroneous, it calls for a reversal, unless this court can say, beyond peradventure, that no prejudice resulted therefrom; and the mere fact that the instruction was made applicable to both parties is not decisive on that question. The court below evidently concluded that one or the other of the parties failed to produce witnesses, else the instruction would not have been given, and if the court so concluded, why not the jury? Can it be said to a moral certainty that the jury did not conclude that the obligation to produce these witnesses rested upon the appellant, in whose employ they were at the time of the accident complained of? I am far from satisfied that such was not the case, and I therefore dissent.

CROW, J.—I concur in the foregoing dissent.