INDUSTRIAL MUTUAL INDEMNITY COMPANY v. PERKINS.

Opinion delivered June 29, 1908.

1. INSURANCE—PRESUMPTION OF PAYMENT OF PREMIUM—REBUTTAL.—While proof that a policy of life insurance and receipt for the first premium were in the assured's possession at his death establishes *prima facie* the fact that the premium was paid, this presumption may be overcome by proof that the premium in fact was never paid. (Page 71.)

2. TRIAL—DIRECTING VERDICT.—In an action against an insurance company where uncontradicted evidence conclusively rebuts the presumption that the first premium was paid which arose from assured's possession of the policy and receipt for such premiums, it was error not to direct a verdict for defendant. (Page 71.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*Mechem & Mechem,* for appellant.

There was no evidence on which to find for appellant. 65 Ark. 581. An ordinary receipt may be overcome by evidence. 46 Ark. 219. Even the presumption of payment arising from the possession of a note may be overcome by evidence. 13 Ill. App. 537. Instructions should be founded on some evidence to support them.

*J. E. London,* for appellee.

As to whether the premium had been paid was a question for the jury, and was submitted to it under proper instructions. 81 Ark. 89.

HART, J. This action was brought by appellee against appellant to recover upon a policy of life insurance. This is the second appeal of the case. The opinion on the first appeal is reported in 81 Ark. 87 (*Industrial Mut. Ind. Co.* v. *Perkins*), and contains a full statement of facts.

The same facts as reported there were adduced in evidence at the trial in the court below, and, in addition thereto, W. C. Nicholson, who was not a witness at the former trial, testified that he was the agent of appellant. That he gave the policy to Henry Howell, and asked him to deliver it and collect the premium. That Howell reported to him that he had delivered the policy, but failed to collect the premium. That afterwards he went to see Perkins, the person insured by the policy, for the purpose of collecting the premium. That Perkins did not pay him, and shortly afterwards died without paying it.

There was a jury trial and verdict for appellee. Appellant contends that there is no evidence on which to base a verdict for appellee.

We think the evidence now overcomes the *prima facie* case made by the delivery of the policy and receipt. The testimony adduced at the former trial has been reinforced by that of Nicholson, the agent of the company, whose duty it was to collect the premium, and who was in a better position than any one else to know whether or not it had been paid. The testimony is uncontradicted and not weakened by cross-examination.

. It is reasonable and leaves no room for doubt. It shows conclusively that the premium was not paid. Hence, there was no issue of fact to submit to the jury, and the court should have directed a verdict for appellant.

Reversed and dismissed.