## NICKANOR WICKSTROM v. WILLIAM A. WHITNEY and Others.[1]

July 5, 1912.

Nos. 17,648—(190).

**Injury to servant — failure to warn of danger.**

In this, a personal injury action, it is *held:*

1. The evidence justified the jury in finding that defendants had assumed to customarily give warning to their servants of impending dangers, which made unsafe the place in which they worked.

2. In such case, an employee charged by the master with the duty of giving such warning is a vice principal, and the master is liable for the negligence of such employee in failing to give the customary warning.

3. The evidence was not conclusive that the warning was given in this case, and the decision of the jury that it was not is sustained.

4. The questions of contributory negligence and assumption of risk were for the jury, and the evidence sustains the verdict as to such questions.

5. There was no prejudicial error in any of the rulings or instructions assigned as error.

[1] Reported in 136 N. W. 1099.

---

[Note]   Master's duty generally to warn servant, see note in 44 L.R.A. 33. Delegation of master's duty to warn, see note in 54 L.R.A. 98, 100.

Action in the district court for Lake county to recover $1,950 for personal injuries. The answer alleged negligence upon the part of plaintiff. The reply was a general denial. The case was tried before Cant, J., and a jury which returned a verdict in favor of plaintiff for $1,357.50. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Spencer & Marshall,* for appellants.
*John Swinland,* for respondent.

BUNN, J.

This is an action to recover for personal injuries. Plaintiff had a verdict, and defendants appealed from an order denying judgment notwithstanding the verdict and denying a new trial.

The material facts are as follows: Defendants are contractors, and were engaged in dismantling and removing an ore dock at Two Harbors. Square timbers were removed from the dock, loaded on flat cars, and transported to a lumber yard in the village, where they were left standing on a side track abreast of skidways which were on a level with the ground and extended up to the side track. The timbers loaded on the cars were a foot square and of lengths varying from ten to thirty-six feet. Iron bolts were in the timbers and projected from their sides. The car in question was loaded with these timbers to a height of from twelve to fourteen feet from the ground. The load extended the full width of the car, both at the bottom and top. Plaintiff was a workman in defendants' employ, and at the time of the accident was engaged with other men in handling the timbers on the skidway after they were dropped from the loaded car by men on top. While he was working at a timber some seven or eight feet from the car, the men on top of the car dropped one of the timbers, and it struck plaintiff, breaking his leg.

The only charge of negligence that we need to consider is the alleged failure of the men on top to give warning to the men below when they were ready to drop a timber, contrary to a custom to give such warning. The evidence was ample to sustain a finding that defendants had assumed to customarily give such warning through employees

118 M.—27.

on top of the car, and the facts clearly bring the case within the rule that under such circumstances the master cannot delegate the duty to a servant and escape liability on the plea that the failure to give the required warning in a particular case is the negligence of a fellow servant. The person charged by the master with the duty of giving the warning is a vice principal, and for his negligence the master is liable. Anderson v. Pittsburgh Coal Co. 108 Minn. 455, 122 N. W. 794, 26 L.R.A.(N.S.) 624. The jury was further justified in finding that it was the duty of defendants to provide for warning to the men on the ground before a timber was dropped.

The only question, then, as far as defendants' negligence is concerned, is whether the evidence was sufficient to support a finding that such warning was not given in this case. It is urgently insisted by counsel for defendants that it conclusively appears that the warning was given. It is true that the men who dropped the timber and other witnesses so testify, and that the evidence to the contrary consists wholly of the testimony of plaintiff and another witness that they did not hear the warning. While this was negative testimony, the case is different from testimony that a witness did not hear a bell ring or whistle sounded. It was required that "Look out!" or "Watch out!" be called in tones loud enough for the men below to hear. They were expecting the warning and depending on it. Considering all the testimony, including the evidence tending to show that the warning, if any was given, was not loud enough so that the men below could hear it, and the evidence that one or two minutes elapsed between the warning claimed to have been given and the dropping of the timber, we are unable to concur in defendants' contention, and hold that the question was for the jury, and that the evidence is not so against the verdict on this point that we ought to interfere, after the trial court has given its approval.

It is quite clear, we think, that the questions of contributory negligence and assumption of risk were for the jury, and that the evidence sustains the verdict on such questions. If plaintiff had a right to expect a warning before a timber was dropped from the car, he cannot be charged with assuming the risk of such a warning not being

given. It was not a danger that was or ought to have been known to him.

We find no prejudicial error in any of the rulings assigned as error, or in the charge.

Order affirmed.