[No. 10549.   Department One.   November 20, 1912.]

LUTHER CUNNINGHAM, *Respondent*, v. ADNA MILL COMPANY, *Appellant*.[1]

MASTER AND SERVANT — FELLOW SERVANTS — DIFFERENT EMPLOYMENT. Fallers in a lumber camp working near the haul back line falling trees, out of view of the logging crew hauling out the logs, are not fellow servants of a rigging slinger engaged with the hauling crew, since the character of the employment is different.

MASTER AND SERVANT—SAFE PLACE—NEGLIGENCE—FAILURE TO SIGNAL. Where a hauling crew in a logging camp was out of the view of the tree fallers working in another place near the line, it is the

[1]Reported in 127 Pac. 850.

nondelegable duty of the master to see that a warning is given before a tree is allowed to fall across the line in such a way that it is liable to injure members of the hauling crew.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. It is for the jury to determine whether a rigging slinger was guilty of contributory negligence in standing in the bight of the cable while it was idle and the donkey engine was not applying power.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 22, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a rigging slinger in a logging camp. Affirmed.

*Reeves Aylmore, Jr.,* and *A. A. Hull,* for appellant.

*Forney & Ponder,* for respondent.

CROW, J.—Action by Luther Cunningham against Adna Mill Company, a corporation, to recover damages for personal injuries. From a judgment in plaintiff's favor, defendant has appealed.

The only question presented is whether the trial court erred in denying appellant's motions for a nonsuit, for a directed verdict, and for a judgment notwithstanding the verdict. Respondent was employed as a rigging slinger in appellant's logging camp. The crew of which he was a member was engaged in hauling logs from the woods where they were left by the fallers, and conveying them to a loading platform. A donkey engine furnished power to move the logs by means of a cable operated on a drum, the cable extending from the engine into the woods. The logs were attached to the cable by the gang of which respondent was a member, and were hauled in by the engine. A haul back line, operated on another drum of the engine, was used to draw out the main cable and return it to the woods to bring in other logs. The haul back line was attached to the end of the main cable, and passed through two pulleys, so that it and the main cable formed a triangle, the long sides of

which at the wider portion were more than two hundred feet apart. Both lines extended across a ravine some fifteen or twenty feet deep and one hundred feet wide, which caused them to be raised or suspended above the surface of the ground.

On the morning of the accident, respondent was assisting other members of his crew to draw or spring the main cable towards and attach it to a log which they intended to move. Just at this instant, certain fallers, members of another crew employed by appellant, who were working some two or three hundred feet distant, caused a large tree to fall across the suspended haul back line above the ravine. The terrific force thus suddenly applied caused the haul back line to spring the main cable, and throw respondent a considerable distance, inflicting the injuries of which he now complains. There was evidence that the fallers could see the haul back line; that, by the exercise of ordinary care, they could have caused the tree to fall so that it would not strike the line; that the tree when standing was some sixty or ninety feet beyond the line; that respondent and the crew of which he was a member could not see the fallers, and that no signal or warning was given to respondent that the tree was about to fall across the line.

Respondent claimed, and the jury found, that appellant was negligent in failing to cause any warning or signal to be given. It seems to us that the mere statement of this case shows that the only issues involved were issues of fact, which were for the exclusive consideration of the jury. Appellant contends that the fallers and the respondent were fellow servants, and that the negligence of the fallers, if any, was that of respondent's fellow servants, for which the appellant is not liable. The evidence shows that respondent and the fallers were working in separate places, at a different character of employment, and that they were not in view of each other. This being true, the failure of the master to see that a proper warning or signal was given, before the

fallers, whom respondent could not see, caused a large tree to fall across the haul back line, constituted negligence, as it necessarily exposed respondent to a sudden and unexpected danger. Under such circumstances, it was the nondelegable duty of the master to see that a signal or warning was given.

Appellant contends, that respondent was guilty of contributory negligence in that he voluntarily stood in the bight of the line, which exposed him to unnecessary danger. There was no danger from the bight of the line while it was idle and the donkey engine was not applying power. It was for the jury to determine whether, under all the facts and circumstances, the respondent was negligent. The only issues involved were issues of fact, all of which the jury resolved in respondent's favor.

The evidence sustains the verdict. The judgment is affirmed.

MOUNT, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.