# WILLIAM ELENDUCK v. CROOKSTON LUMBER COMPANY.[1]

February 28, 1913.

Nos. 17, 855—(203).

**Master's duty to give warning signals.**

   1. Anderson v. Pittsburgh Coal Co. 108 Minn. 455, to the effect that where the place provided in which the servant is required to perform his work is inherently dangerous, and for his protection and for the purpose of maintaining the place in reasonable safety, and by direction of the master or by custom, signals are given to those thus engaged upon which they rely for protection, the duty to give the signals becomes an absolute obligation of the master, followed and applied.

**Case distinguished.**

   2. Lundquist v. Duluth St. Ry. Co. 65 Minn. 387, 67 N. W. 1006, distinguished.

Action in the district court for Hennepin county to recover $25,000 for personal injury. The facts are stated in the opinion. The defense was a general denial and contributory negligence of the plaintiff. The case was tried before Dickinson, J., who denied plaintiff's and defendant's motions for directed verdicts, and a jury which returned a verdict for $6,300 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Powell & Simpson* and *Ernest C. Carman,* for appellant.

*Chester McKusick,* for respondent.

BROWN, C. J.

Action for personal injuries in which plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

---

[1] Reported in 140 N. W. 125.

Note.—On the question of the delegability of the duty of the master to instruct or warn servants, see note in 26 L.R.A.(N.S.) 624. And as to the duty to warn or instruct servant, generally, see note in 44 L.R.A. 33.

The short facts, which are not in dispute, are as follows: Plaintiff was in the employ of defendant as a "swamper" in one of its lumber camps in Beltrami county. His duties were to trim the limbs from trees after they had been cut down by other employees, and to prepare them for removal from the woods to railway tracks or mills. Those engaged in felling the trees were called "sawyers," and it was, by custom, as well as by the orders and directions of defendant's foreman, their duty to warn the swampers and others engaged in the vicinity when a tree was ready or about ready to fall, to the end that they might protect themselves from harm by going to a place of safety. The sign of warning was in the form of a loud call to the other men of the word "timber," which was an indication to them that a tree was about to fall. While engaged in his work plaintiff was struck and injured by a falling tree of which the usual warning was not given.

He brought this action to recover for his injuries, charging defendant, in the complaint, with negligence in the employment of incompetent "sawyers," and in the failure to warn plaintiff, by proper signals, of impending danger to which the work exposed him. The case was submitted to the jury upon the theory that, if the place of work was in itself dangerous to the swampers, and the warning customarily given by the "sawyers" was for the purpose of affording them protection, defendant was under legal obligation to give the same, and the failure of the "sawyers" to do so was the failure of defendant for which recovery might be had.

The trial court was guided in so submitting the case by the decisions of this court in Anderson v. Pittsburgh Coal Co. 108 Minn. 455, 122 N. W. 794, 26 L.R.A.(N.S.) 624; Wickstrom v. Whitney, 118 Minn. 416, 136 N. W. 1099, and Anderson v. Northern Mill Co. 42 Minn. 424, 44 N. W. 315. Whether the court below erred in this view of the law presents the only substantial question on this appeal. The question of negligence in the employment of incompetent "sawyers" was not submitted to the jury.

1. It is the contention of defendant that the custom of giving a signal when a tree was about to fall was a mere detail of the work, and the failure on the part of the "sawyers" on this occasion to give

it was the negligence of fellow servants for which defendant is not liable. We do not concur in this contention.

Where signals are employed in the general work of the master, and are used solely in directing the movement of machinery or instrumentalities connected with the employment, the signals are mere details of the work, and the failure on the part of servants to give them does not charge the master with liability. Burke v. Ash, 120 Minn. 388, 139 N. W. 705. But where the place of work is inherently dangerous, and signals are required by orders of the master or, by common custom, for the protection of the employees and to provide and to maintain for them the safety of their place of work, and are relied upon by the employees as a means of saving themselves from harm, it becomes the absolute duty of the master to give them, and a failure to do so, though .the failure be the neglect of a servant engaged in the common employment, renders the master liable to a servant who is injured in consequence of the neglect.

This principle of the law of master and servant is thoroughly settled in this state. Anderson v. Northern Mill Co. supra; Anderson v. Pittsburgh Coal Co. supra; Wickstrom v. Whitney, supra. And also in other states. Davis v. New York, 159 Mass. 532, 34 N. E. 1070; Schmitt v. Metropolitan, 13 App. Div. 120, 43 N. Y. Supp. 318; Harmer v. Reed, 68 N. J. L. 332, 53 Atl. 402; Buswell, Per. Injuries (2d ed.) 277, 402; 1 Labatt, Master & Servant, 453, and authorities there cited.

In the case at bar the "swampers" were engaged and absorbed in the performance of their duties in close proximity to trees being cut down by the sawyers, their place of work was dangerous, and the purpose of the signals preceding a falling tree was to protect them from injury. This brings the case within the rule of the case of Anderson v. Pittsburgh Coal Co. supra, and the other cases cited, which we follow and apply.

Counsel's criticisms of the decision in that case are not sound. They apparently overlook the essential element made the foundation of that decision, namely, the dangerous character of the work, and the necessity of signals for the protection of employees. Lundquist v. Duluth St. Ry. Co. 65 Minn. 387, 67 N. W. 1006, is not in point.

While in stating the facts in that case the court said that the signals, there alleged not to have been given, were provided by the master with a view to the safety of employees, in discussing the law applicable to the case, the court apparently was not governed by that fact. The court there said [at page 390] that the motorman was negligent in not giving the usual signals of the approach of the car, but that his duties in that respect "did not appertain to the work of furnishing, constructing, or equipping a safe place for work; * * * hence, his negligence in the premises was that of a fellow servant." In the case at bar, as already stated, the purpose of the signals was to maintain a safe place of work. The case of Anderson v. Northern Mill. Co. supra, though the person there injured was in the employ of a third person, correctly states the rule applicable between master and servant, and has been cited by other courts accordingly. 3 Notes to Minn. Cases, 245.

2. The further contention of defendant that the court below erred in submitting to the jury the question of negligence in not giving the usual and customary signal, because not an issue in the case, is not sustained. The failure in this respect was made a prominent feature of the complaint, and the evidence fully covers the question.

This covers all that need be said, and results in an affirmance of the order appealed from.

Order affirmed.