## Mocabee v. Harbison-Walker Refractories Company.

(Decided May 9, 1922.)

### Appeal from Carter Circuit Court.

1.  Master and Servant—Felling Trees—Safe Place to Work.—The safe place doctrine does not apply where the servant is engaged in felling trees and the only danger connected with the place is that created by the servant in the progress of the work.
2.  Master and Servant—Felling Trees—Deaf Mute—Duty to Warn.— The master is under no duty to warn a servant who is a deaf mute, but whose sight is unimpaired, of the danger incident to felling trees by the servant.
3.  Master and Servant—Felling Trees—Assumption of Risk.—A servant who is engaged in felling trees assumes the risk of injury therefrom.

WOLFFORD & LITTLETON for appellant.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Fred Mocabee brought suit against the Harbison-Walker Refractories Company to recover damages for personal injuries. A demurrer was sustained to the petition as amended and the petition was dismissed. Plaintiff appeals.

Plaintiff alleged in the petition that on or about the 17th day of January, 1919, he was employed by the defendant to cut and manufacture timber for its clay mines; that at the time he was so employed, and at all times thereinafter mentioned, he was so deaf that he could scarcely hear, and so dumb that he could hardly talk, all

of which was known to the defendant; that, notwithstanding these infirmities, the defendant failed to provide him a safe place in which to work, and failed to warn him of the danger thereinafter described; that while he was so engaged in cutting timber he was directed and ordered by defendant's foreman, in charge of the crew in which he worked, to cut and fell a large tree over and against some other trees, and that while attempting to carry out said order, and being ignorant of the danger of such an undertaking, he was struck and injured by a limb hurled through the air, caused by the tree he was felling striking against another tree; that defendant's foreman knew, or by reason of ordinary diligence could have known, of the danger of cutting said tree according to his direction. He further alleged that by reason of the negligence of the defendant, its servants and employees, in failing to furnish him a safe place in which to work, and failing to warn him of the approach of said limb in time to avert the said injury, he was struck in the head by said limb, mangled and bruised, and permanently injured.

In his amended petition plaintiff reaffirmed the allegations of his original petition, and alleged that there was a safe and unsafe way in which to do the work which he was directed to do; that the tree which he was directed to cut, and did cut, could have been felled in an open place which could have been made safe, but defendant's agent, under whose control plaintiff was working, directed him and his fellow workmen to cut towards and against another tree, which was a dangerous way in which to do the work, and was known to defendant's servant superior in authority to plaintiff and was not known to plaintiff, and could not have been known to him by the exercise of ordinary care. He also alleged that, on account of his physical defects, he was not able to appreciate the danger in which he was placed; that he could not hear or understand anything that was said to him by his foreman or fellow workmen; that defendant neglected and failed to inform him of the danger of cutting said timber and that he was inexperienced in that kind of work; that defendant's agent placed him at the work well knowing of his infirmities; that defendant was guilty of negligence in employing and in placing him in such a dangerous and unsafe place, and that at the time he was injured he was working in the presence of, and in sight of, defendant's foreman, who was directing the manner in which the work should be done.

As the only danger connected with the place where plaintiff was at work was caused by the felling of the tree, the case is one where the danger was created by the servant in the progress of the work, and the safe place doctrine does not apply. Louisville Water Co. v. Darnell, 189 Ky. 225, 225 S. W. 1057; American Milling Co. v. Bell, 146 Ky. 68, 141 S. W. 1191. This is not a case where the servant was injured by a tree which was felled by another crew. In such a case it is usually held that the master is guilty of negligence if he fails to give a proper warning of the fall of the tree, especially if such warning was customary. Curtin v. Clear Lake Lumber Co., 47 Wash. 260, 91 Pac. 956; Elenduck v. Crookston Lumber Co., 121 Minn. 53, 140 N. W. 125; Cunningham v. Adna Mill Co., 71 Wash. 111, 127 Pac. 850; Potlatch Lumber Co. v. Anderson, 118 C. C. A. 180, 199 Fed. 742. On the other hand, the master is under no duty to instruct a servant as to the danger from a falling tree which the servant himself is engaged in felling. Such dangers are so open and obvious that a servant of ordinary prudence must necessarily appreciate them without being specially informed on the subject, and being ordinarily and necessarily incident to the employment, the risk of injury therefrom is assumed by the servant. Anderson v. Columbia Improvement Co., 41 Wash. 83, 2 L. R. A. (N. S.) 840; 82 Pac. 1037. The fact that plaintiff in this case was deaf does not change the rule. It is not alleged that his mind was affected or that his eyesight was impaired. The danger was one that addressed itself to his sense of sight, and being plainly observable, the master was under no duty to inform him of the danger. Melton v. E. E. Jackson Lumber Co., 133 Ala. 580, 31 So. 848. Having this view of the question, it follows that the petition as amended did not state a cause of action, and that the demurrer thereto was properly sustained.

Judgment affirmed.