MAYBERRY v. THE CHICAGO, ROCK ISLAND & PACIFIC RAIL-. ROAD COMPANY, *Appellant.*

**Principal and Agent:** IMPLIED POWERS OF RAILROAD PHYSICIAN. The fact that a physician in the service of a railroad company is authorized to buy medicines on the credit of the company, does not imply a power to bind the company by a contract for board, lodging, attendance and nursing of a person injured on the company's road. See *Brown v. M., K. & T. R. R. Co.,* 67 Mo. 122.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

This was an action upon an account, the items of which were as follows :

| | | |
|---|---|---:|
| To boarding and taking care of and furnishing room to one —— Fleming during injuries . . | | $25 00 |
| To damage of beds and bed-clothing . . . | | 20 00 |
| To washing for said Fleming . . . . | | 4 50 |
| To beer for said Fleming . . . . . | | ·50 |
| To board of nurse for said Fleming . . . | | 3 50 |
| Total . . . . . . . . | | $53 50 |

At the trial the plaintiff introduced evidence tending to prove that Fleming, while in the employ of defendant as a brakeman on one of its trains, received injuries from which he afterward died; that plaintiff at the time kept a boarding house in the town of Trenton, and that Dr. C. L. Webber, who was then in the employ of defendant as physician and surgeon, applied to plaintiff to receive Fleming into his house; and promised that the defendant would pay him for the board and care of Fleming as well as for the board of nurses and other necessary expenses and damages to beds and bedding; that plaintiff, upon such request and promise of said Webber, received and cared for said Fleming until the time of his death, and that the

services and other items in plaintiff's statement were reasonable and just charges, and due from defendant if it was liable on the contract made by Dr. Webber; that Dr. Webber was authorized by his employment to contract for medicines, bandages and necessary surgical appliances; that Dr. Webber had no direct authority from defendant to contract for either board or medicine for Fleming, but had frequently contracted for medicines for others and defendant had always paid the bill, and that he had never before contracted board bills, and that after the death of Fleming, by the direction of the assistant superintendent, he purchased a coffin and necessary burial clothes, and the assistant superintendent paid the bill. Under the instructions of the court, the jury found a verdict for plaintiff, and there was judgment accordingly.

*M. A. Low* for appellant.

*E. M. Harber* for respondent.

SHERWOOD, C. J.—The evidence adduced had no tendency to show authority on the part of Dr. Webber to bind defendant to pay for the boarding and nursing of Fleming, or any other of the items in plaintiff's account. He certainly had no special authority to that effect, and his general authority only extended to contracts for medicines and things of that nature. Therefore, judgment reversed and cause remanded. All concur.