W. J. GRIFFIN, Respondent, v. WABASH, St. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, June 14, 1886.

PRACTICE—DEMURRER TO EVIDENCE.—Where an agreement of compromise is the basis of an action, and it does not appear that the persons making it had the power or authority to make it, a demurrer to the evidence should be sustained.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

GEORGE S. GROVER, for the appellant.

I.   There was a misjoinder of three causes of action: two arising *ex contractu*, and one *ex delicto*. This objection was raised by demurrer and motions. *Parker v. Rodes*, 79 Mo. 88; *Southworth v. Lamb*, 82 Mo. 242; *Clark v. Railroad*, 36 Mo. 216.

II.   The proof shows the contract was rescinded. *Fine v. Rogers*, 15 Mo. 320; 2 Parson's Cont. 678.

III.   The plaintiff expressly assumed the risk.  *At-*

*chison v. Railroad,* 80 Mo. 213 ; *Newby v. Railroad,* **19** Mo. App. 391.

IV.    There was no proof of authority from defendant to parties making for it the alleged agreement sued upon.    Without such evidence plaintiff could not recover.    *Tucker v. Railroad,* 54 Mo. 177 ; *Brown v. Railroad,* 67 Mo. 122 ; *Mayberry v. Railroad,* 75 Mo. 492.

No brief on file for respondent.

ELLISON, J.—Plaintiff brings this action for the loss of four steers shipped over defendant's road from La Plata to St. Louis.    The shipment was on a written contract which stipulated for certain exemptions from liability on part of defendant in case of loss, and imposed certain obligations and duties on plaintiff.    After the loss of the steers plaintiff alleges he compromised and settled his claim against defendant at the sum of two hundred and ninety-nine dollars and sixty-five cents, and shortly thereafter, defendant, having found one of the steers, he received him back at an agreed credit of sixty dollars on the amount agreed on as a compromise. The action is for the sum so alleged to have been agreed upon, less the sixty dollars, and is based on this compromise agreement and settlement.

At the close of the plaintiff's evidence, defendant asked an instruction in the nature of a demurrer, which was refused.    Judgment was rendered for plaintiff for the amount of his claim, and defendant appeals.

The evidence, as set forth in defendant's abstract, not controverted by plaintiff, shows the compromise agreement was made with ''Mr. Miner and Mr. Durbin,'' who were understood to be ''railroad officials,'' but ''couldn't tell what position they held.''    Thought ''Miner was the division superintendent.''    It is nowhere shown that these men had the power or authority to make the agreement sued on.    If Miner was the division superintendent, no proof was offered as to his

duties, "and the courts cannot take judicial notice of them." *Brown v. Ry. Co.*, 67 Mo. 122 ; *Mayberry v. Ry. Co.*, 75 Mo. 492.

Plaintiff's petition is not properly subject to the criticisms made upon it by defendant. There is but one cause of action stated with the inducement thereto.

For refusing the demurrer to the evidence the judgment is reversed, and the cause is remanded. All concur.