BUSHNELL v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Railroads:** COMPANY'S SURGEON: AUTHORITY TO BIND COMPANY.
   The surgeon of a railroad company has no implied authority, as such,
   to bind the company by an agreement that it will pay for services, and
   meals furnished nurses and others, in attendance upon an employe of
   the company, injured by an accident on the road, and under treatment
   of the surgeon.

2. **New Trial:** DISREGARD OF INSTRUCTION.   Where a verdict for plaint-
   iff could not have been reached under the evidence without disregard-
   ing one of the court's instructions, it is reversible error to refuse to grant
   a new trial on defendant's motion.

*Appeal from Poweshiek District Court.*

THURSDAY, OCTOBER 21.

ACTION to recover for services and meals furnished nurses and others in attendance on an employe of the defendant, who was injured in an accident on the defendant's road, and for ties furnished and delivered. Trial by jury. Judgment for plaintiff, and the defendant appeals.

*Hubbard, Clark & Dawley,* for appellant.

No appearance for appellee.

SEEVERS, J.—I.   There was evidence tending to show that one Ira Husted, an employe of the defendant, was injured in an accident, for which it may be assumed the defendant was responsible.  At his own request he was taken to the plaintiff's house.  The accident occurred on  Sunday, and Husted died on the next Saturday.  Dr. J. B. Cox was in the employ of the defendant as its surgeon, and the evidence tended to show that he agreed that the defendant would compensate the plaintiff for taking care of Husted, and for meals furnished nurses and others.   There was no evidence tending to show that Dr. Cox had express authority to make such contract.   The court instructed the jury as follows:  " If you find it established by a preponderance of the evidence that an employe of the defendant was injured, and while so injured was taken to the house of the plaintiff, and while there was treated by defendant's physician or surgeon, and that such physician or surgeon ordered or directed that such injured man be kept and cared for by plaintiff, and you further so find that plaintiff did keep and care for such injured man, and you further so find that said physician or surgeon was authorized by the defendant to treat its employes

*1. RAIL-ROADS: company's surgeon: authority to bind company.*

under such circumstances, then defendant would be liable for what the evidence shows to be the reasonable value of what·ever services were rendered,     *     *     *     under the direction of such physician and surgeon:     *     *     * provided you find such services were reasonably proper and necessary, in the proper care and nursing of such injured person."

We have some doubt as to the meaning of this instruction. If the court meant that express authority must be shown, then the verdict is clearly against the evidence. If the court meant that the authority of Dr. Cox could be implied from his employment, and the duties he was expected to perform, the jury should have been so told; and certain it is that the jury, under the instruction, could have found that express authority was conferred, or that it could be implied. Certain it is, also, that the jury were authorized to allow, and in fact they must have allowed, the plaintiff compensation for certain meals furnished the relatives of the deceased, who were not in any respect in the employ of the defendant. Before the plaintiff can recover such compensation, it must appear that Dr. Cox was expressly authorized to make such contract. Such authority cannot be implied. *Mayberry v. Chicago, R. I. & P. R'y Co.*, 75 Mo., 492.

II. The corporate name of the company which constructed the road for which the ties were furnished is the Ottumwa, Cedar Falls & St. Paul Railroad and the contract was made with one Bennett, or for him, and the ties were delivered on the line of the road. The court instructed the jury, in substance, that, before the plaintiff could recover, it must appear that the contract was made with an authorized agent of the defendant, and if they were contracted for by Bennett in his individual capacity, and on his own behalf, then the plaintiff was not entitled to recover. Under the evidence, if the jury had followed this instruction, they must have found for the defendant, because there is no

2. NEW trial: disregard of instruction.

evidence tending to show that Bennett was the agent or acting for the defendant, and it does show that he made the contract in his own individual capacity, and paid' for such portion of the ties as he claims filled the specifications, and sold them to the Ottumwa & Cedar Falls Company.    The motion for a new trial should therefore have been sustained.

REVERSED.