JOSEPH DIEL, Respondent, v. MISSOURI PACIFIC
RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 5, 1889.

1. **Malicious Prosecution, Evidence of.** To warrant the submission to the jury of an action for malicious prosecution, there must be some evidence, that the defendant was a party to the prosecution complained of.

2. **Agency, Evidence of.** The declaration of an alleged agent is not admissible against a party without proof of the agency, and such agency cannot be established by the declaration itself. And this rule applies to a declaration made by a police captain to the plaintiff, on the arrest of the latter, that the arrest had been made by the defendant.

3. **Presumptions From Failure to Produce Evidence.** Ordinarily the failure to call as a witness one, who is equally within the control of both parties, will be no ground for any presumption against either party, and the unexplained silence of a party, though it in some cases adds force to the evidence of his adversary, is not sufficient to supply independent evidence of a fact, which is wholly unproved by the other evidence.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAS. E. WITHROW, Judge.

REVERSED AND REMANDED.

*Henry G. Herbel,* for the appellant.

(1) The court erred in overruling defendant's objections to the testimony of plaintiff as to the conversations had by him with the police captain. (2) The verdict is unsupported by the evidence, as it does not connect the appellant with the prosecution complained of, and the motion for a new trial should, therefore, have been sustained. *Brown v. Railroad,* 67 Mo. 122; *Railroad v. Donahue,* 56 Tex. 162; *Barrett v. Chouteau,* 94 Mo. 13; *Moore v. Railroad,* 28 Mo. 628; *Providence, etc., Co. v. Claire,* 127 U. S. 47. (3) The

instructions given by the court at plaintiff's instance, and of its own motion, are erroneous. *Sloher v. Railroad*, 91 Mo. 518.

*S. S. Bass* and *H. A. Loevy*, for the respondent

The statement made by the police captain to the plaintiff was competent evidence. *Doering v. Hornsby*, 12 Mo. App. 571. The objection of appellant to its admission was not specific and must, therefore, be disregarded. *Margrave v. Ausmuss*, 51 Mo. 564; *Primm v. Rabeteau*, 56 Mo. 412; *Davis v. Hilton*, 17 Mo. App. 322; *Adler v. Lange*, 21 Mo. App. 519; *Boston v. Murray*, 94 Mo. 181; *Schumacher v. Spellbrink*, 25 Mo. App. 357; *Masonic, etc., v. Lackland*, 97 Mo. 140. Appellant's failure to produce the bills rendered by and vouchers issued to Waters, MacDonald and others for services rendered and expenses incurred by them in and about the prosecution of respondent, and its failure to offer Waters as a witness, afford a presumption that if these documents and that oral testimony had been introduced the evidence would have been favorable to respondent. *Bent v. Lewis*, 88 Mo. 470, 471; Best on Presumptions, p. 130; Thompson on Trials, secs. 794, 1045. The demurrer, at the close of the whole case, was properly refused. Ram on Facts [3 Ed.] p. 283; Thomp., Trials, sec. 1039; *Hill v. Jones*, 69 Mo. 587; *Chubbuck v. Railroad*, 77 Mo. 394; *St. Vrain v. Co.*, 36 Mo. 391; *State v. Derry*, 20 Mo. App. 535; *Sappington v. Railroad*, 14 Mo. App. 89; *Barrett v. Railroad*, 9 Mo. App. 226.

ROMBAUER, P. J., delivered the opinion of the court.

The only substantial question arising upon this appeal is, whether there was any evidence tending to show that the defendant had instituted the prosecution

against the plaintiff which is the foundation of his cause of action, the suit being one for malicious prosecution.

The evidence on that subject offered by the plaintiff may be summarized as follows : In the evening of Monday, April 12, 1886, the plaintiff was arrested in the city of St. Louis by a police officer, and placed in custody at the police station. There is no direct evidence of the cause of this arrest, or who caused it to be made, except the statement made to him by the captain of the police, hereinafter referred to, that the railroad company had him arrested. After the defendant was arrested, one R. W. Waters, a conductor on one of the defendant's trains, came to the police station and identified him by saying, "That is the man." On April 13, 1886, the same Waters made an affidavit before a justice of the peace in St. Louis county, charging the plaintiff with having, on the previous day, made an assault, with intent to kill, on one Henry Foster, a brakeman "on the Carondelet branch of the M. P. R. R.," while such Foster was discharging his duty as a brakeman. A warrant was issued upon this affidavit, and the plaintiff was brought before the justice and held to bail. Several days thereafter the prosecution against him was dismissed by the state without a hearing upon the merits. Waters, Foster and some other employes of the defendant were present before the justice on two occasions when the case was set for hearing, but were not examined. R. S. MacDonald, an attorney of the St. Louis bar, was also present, apparently representing the state.

There was some evidence in the case from which the jury might legally infer that, on or about this time, there was a strike of some of the employes on defendant's road, but it did not appear that the plaintiff ever was an employe of the road. The general attorney of the defendant testified that in March or April, 1886,

R. S. MacDonald was specially employed by the defendant to prosecute certain criminal cases which arose out of the depredations of the strikers, and was paid by the case, but there was no evidence that this particular case had any connection with the strike, or that MacDonald appeared therein upon the defendant's request, or that he was paid for his services by the defendant. None of the defendant's regular attorneys were shown to have had any connection with the case, or to have controlled it in any manner. Waters and MacDonald were present in the court room upon the trial of the present action, but were not called as witnesses.

The defendant demurred to this evidence, but the court overruled the demurrer, and submitted the case to the jury, who found a verdict for plaintiff.

It is an elementary rule that, before a defendant can be called upon to introduce evidence to discharge himself, the plaintiff must by some legal evidence show a liability on his part. The primary condition of such liability in this case was the fact, that the prosecution had been instituted or ratified by the defendant. *Barrett v. Chouteau*, 94 Mo. 13. When the prosecution is instituted by an agent, the authority of the agent in that behalf must be shown. We have searched the record in vain to discover any evidence of the fact that Waters was the authorized agent of the defendant for the purpose of instituting the prosecution. It cannot be legally inferred from the fact that he was one of the defendant's conductors. *Tucker v. Railroad*, 54 Mo. 181; *Mayberry v. Railroad*, 75 Mo. 492, and there is no other fact in the case from which it can be legally inferred. Nor is the fact that MacDonald appeared on behalf of the state any evidence of the fact that the defendant ratified the prosecution. Assuming that he had general authority from the defendant to prosecute certain criminal cases growing out of the depredations

of the strikers, it does not appear that this was such a case. Presumptions and inferences are logically the same. From one fact proven, another may be inferred or presumed, if the inference or presumption is a logical result and, as such, legally admissible, but to hold that the fact thus inferred or presumed at once becomes an established fact, for the purpose of serving as a base for a further inference or presumption, would be to spin out the chain of presumptions into the regions of the barest conjecture. *Moore v. Railroad*, 28 Mo. App. 628.

The plaintiff claims that the statement of the police captain, to the effect that the railroad company had him arrested, was some evidence tending to show the latter fact. That such a statement was made, appeared by the plaintiff's answer to a question, while testifying in his own behalf. This part of the answer was not responsive to the question, and the defendant at once moved the court to strike it out as incompetent evidence, which the court refused to do. This part of the answer was clearly improper, and the statement it contained was highly prejudicial to the defendant. Such a statement could be evidence against the defendant only in case the police captain's agency in making or causing the arrest were previously shown, and such agency could in no event be established by the declarations of the alleged agent. *Farrar v. Kramer*, 5 Mo. App. 171. An attempt is made of supporting the judge's ruling on this point by the authority of *Doering v. Hornsby*, 12 Mo. App. 571, where the officer making the arrest was permitted to testify to statements made, by the defendant giving directions in making the arrest; but it is evident that the cases are wholly dissimilar, as there the statements were those of the defendant himself and therefore clearly within the rule, which makes declarations and admissions of the party, sought to be charged, competent evidence against him.

The plaintiff further claims that the fact, that the defendant failed to produce certain vouchers upon notice, and failed to call McDonald and Waters, who were present in court, as witnesses in its own behalf, is equivalent to some evidence; that the vouchers, if produced, and these witnesses, if called, would have substantiated plaintiff's case. This view, to say the least, is novel. If the plaintiff desired to enforce the production of the vouchers the statute provided an ample remedy. R. S. 1879, secs. 3644, 3645, and 3647. Ordinarily the circumstances that a particular person, who is equally within the control of both parties, is not called as a witness, lays no ground for any presumption against either. *Scovill v. Baldwin*, 27 Conn. 318; *Bent v. Lewis*, 88 Mo. 470. In some cases a presumption may arise, by the unexplained silence of one of the parties to the litigation, which will give additional persuasive force to the evidence of his adversary, but which is never potent enough to supply independent evidence of a fact, which is wholly unproved by other evidence.

Complaint is made of the instructions of the court given upon plaintiff's request, and on its own motion. Those given by the court of its own motion are copies of instructions given, and approved by this court, in a former case. *McGarry v. Railroad*, 36 Mo. App. 340. They would have been unobjectionable, if warranted by the facts. The first instruction given on behalf of plaintiff is subject to the objection pointed out in *Stoher v. Railroad*, 91 Mo. 518, that it seems to assume the authority of defendant's officers and agents. The words "*acting by its authorized agents and officers*" in this instruction are wholly unnecessary, and should be omitted if this instruction is asked upon a retrial of the cause.

For the errors above pointed out, the judgment is reversed and the cause remanded. All the judges concur.