# ALLEN WEST COMMISSION COMPANY, Appellant, v. GUSTAV RICHTER.

### Division Two, March 7, 1921.

1. **CONTRACT: Guaranty to Pay Another's Debt: Uncertain Amount: Extrinsic Oral Evidence.** If there is nothing on the face of the written promise to pay another's debt to indicate the amount claimed to be due the creditor from the debtor, after deducting allowances which it said were to be made, and the balance due after deducting said allowances can be ascertained and determined only by resort to extrinsic oral evidence, the creditor cannot, under the Statute of Frauds, recover on said guaranty, for it cannot be pieced out or its deficiencies supplied by oral testimony.

2. ———: ———: **Consideration.** A mere written promise to pay another's debt, made after the debt had been created, no obligation by the guarantor to pay the same having been assumed at the time or before the debt was contracted, is without consideration, and such subsequent written promise by the guarantor to see that said debt is paid creates no liability against him in favor of the creditor.

3. ———: ———: ———: **Forbearance.** The mere fact that the creditor, after receiving the written promise of defendant to pay the debt of an insolvent debtor, without any agreement to forbear, refrained from suing the debtor, does not constitute a consideration for said promise.

4. ——: ——: By President of Corporate Debtor. There being no evidence tending to show that defendant was the president of the insolvent corporate debtor when the indebtedness sued on was contracted, or that he was indebted to it for unpaid stock or otherwise, and no issue of that kind being tendered in the petition, a consideration for his written promise to pay the debt of said insolvent corporation cannot be inferred or implied from the fact that he was at one time its president.

5. ——: ——: Presumption of Consideration: Trial Theory. It will not be ruled on appeal in this case that Section 2774, Revised Statutes 1909, authorized the presumption that the written promise to pay another's debt sued on imported a consideration, because: first, the case was not tried on such theory, and on appeal plaintiff must be held to the theory adopted below; second, the plaintiff in its petition alleged that the consideration of the promise was its forbearance to sue the debtor, and it must therefore recover, if at all, upon that allegation; and, third, the presumption can be indulged only in the absence of evidence on the subject, and the petition having alleged that forbearance to sue was the consideration, and that issue being presented to the jury and a verdict returned for plaintiff, it is not entitled to such presumption.

6. ——: ——: ——: Failure of Guarantor to Testify. The contention that a consideration for defendant's promise to pay another's debt should be presumed because he did not testify cannot be allowed if (a) the party with whom he dealt was dead at the time of the trial, or (b) plaintiff failed to make a primafacie case.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

AFFIRMED.

*S. H. West* and *Anderson, Gilbert & Hayden* for appellant.

(1) Consideration is presumed from signature. R. S. 1909, sec. 2774; Wulze v. Schæfer, 37 Mo. App. 551. And it is not necessary to plead any consideration. Eyermann v. Piron, 151 Mo. 115; Montgomery County v. Auchley, 92 Mo. 126. (2) Under the Statute of Frauds it is unnecessary to state the consideration in

the promise to pay the debt of another. Little v. Nabb, 10 Mo. 3; Roberts v. Griswold, 35 Vt. 496; Standard Supply Company v. Finch, 154 N. C. 456; Black v. McBain, 32 Ga. 128; Reid v. Evans, 17 Ohio, 128; King v. Upton, 4 Me. 387; Packard v. Richardson, 17 Mass. 122; Ellett v. Button, 10 Tex. 208; Sage v. Wilcox, 6 Conn. 81; Goodnow v. Bond, 59 N. H. 150; Gillighan v. Boardman, 29 Me. 79; Haskill v. Tukesbury, 92 Me. 555; International Company v. Flemming, 109 Me. 108. (3) Relation of stockholder is sufficient consideration. (4) A prior oral promise to pay the debt of another is sufficient consideration to support a latter written promise. Wills v. Ross, 77 Ind. 1. A moral obligation is a sufficient consideration to support a subsequent promise to pay the debt of another. Post v. Losey, 111 Ind. 88. (5) Forbearance is a sufficient consideration for an agreement to pay the debt of another and the evidence offered in this case made a prima facie showing of such forbearance as a consideration; where the party does not testify, the usual unfavorable and damaging presumptions are to be indulged in. Schooler v. Schooler, 258 Mo. 96; Ins. Co. v. Smith, 117 Mo. 294; Mabury v. McClurg, 74 Mo. 575; Baldwin v. Witcomb, 71 Mo. 651; Stevenson v. Kilpatrick, 166 Mo. 269. Evidence is to be weighed in the light of ability to produce and when that which is available and is not produced, the inference is that it is unfavorable and the failure to call a friendly witness having personal knowledge of the facts in issue, raises a presumption of inference that the witness's testimony would have been detrimental. Burridge v. Ins. Co., 211 Mo. 175; Kirk v. Middlebrook, 201 Mo. 287; Brooker v. Trainer, 172 Mo. App. 379; Bryant v. Lazarus, 235 Mo. 612; Kame v. Railroad, 254 Mo. 194.

*A. & H. N. Arnstein* and *Henry H. Furth* for respondent.

(1) The writing "Exhibit A" declared on as a guaranty, is not, in fact, an agreement, undertaking or

promise, but merely an expression of the defendant's intent, purpose or expectation. (2) No consideration can be presumed from defendant's signature to "Exhibit A" under Sec. 2774, R. S. 1909, as the writing is not within the statute. (a) It is not a promise. (b) No sum of money or property is therein mentioned. (c) The paper on its face shows allowances were to be made. (d) To determine the amount, reference must be had to an independent document not identified by the writing itself, but only by oral testimony. (e) Neither the name of original debtor nor creditor is mentioned in the writing to indicate what the paper referred to. (3) The court erred in admitting "Exhibit 1" in evidence, as parol evidence is not admissible to connect a series of papers under the Statute of Frauds; the writing signed by the party to be charged must itself identify them. Biest v. Versteeg Shoe Co., 97 Mo. App. 154; Peycke v. Ahrens, 98 Mo. App. 456; Leesley Bros. v. Fruit Co., 162 Mo. App. 195; Johnson v. Fecht, 185 Mo. 335; First Baptist Church v. Bigelow, 16 Wend. 28; Johnson v. Buck, 35 N. J. L. 338; Frank v. Miller, 38 Md. 450; Ordman v. Lossen, 49 Md. 135; Darge v. Bond, 46 Md. 164; Ridgeway v. Ingram, 50 Ind. 145. (4) Under the Statute of Frauds the consideration for a guaranty must be set forth in the guaranty itself. Reigart v. Coal & Coke Co., 217 Mo. 142; Ordman v. Lossen Bros., 49 Md. 135; Darga v. Bond, 46 Ind. 164; Culbertson v. Smith, 52 Md. 628; Moore v. Folsom, 14 Minn. 340; Hazeltine v. Larco, 7 Cal. 32. And the court erred in admitting the alleged guaranty, "Exhibit A," in evidence, as it carries no consideration on its face. (5) Plaintiff, having undertaken in its petition to state a consideration, it was necessary for it to plead and prove a valuable consideration, although if Section 2774 were applicable it would not have been necessary for plaintiff to have either pleaded or proved a consideration. Glasscock v. Glasscock, 66 Mo. 627. (6) Mere forbearance to sue is not a valid consideration; there must be an agreement to forbear. Queal & Co. v. Peterwood, 116 N. W.

543, 19 L. R. A. (N. S. 842; 20 Cyc. 1417, 1418; Powers v. Woolfork, 132 Mo. App. 360; Mandle v. Horspool, 198 Mo. App. 655. (7) Assuming that a previous parol promise had been proven (which it was not), nevertheless such promise was without consideration, Waggoner v. Davidson, 189 Mo. App. 344, and could not support a subsequent written promise without consideration. MacFarland v. Heim, 127 Mo. 327; Iron Co. v. Jenks, 229 Mass. 95; Guillott v. Guillott, 141 La. 81; Guimarian v. Trust Co., 90 S. E. 319. (8) As no parol promise was pleaded, plaintiff could not properly introduce evidence thereof, and the court erred in admitting such evidence. Iron Co. v. Jenks, 229 Mass. 95. (9) Neither a legal nor a moral obligation rests against a stockholder to pay the debts of his corporation; hence a promise by him to do so, to be enforcible, must be supported by a valuable consideration; furthermore, the law does not enforce purely moral obligations. Waggoner v. Davidson, 189 Mo. App. 345; Greenham v. Elliott, 60 Mo. 35. (10) The defendant had the right to stand on his demurrer; his failure to testify did not create evidence for plaintiff. Kerstner v. Vorweg, 130 Mo. 196; Diel v. Railroad, 37 Mo. App. 454. (11) Moreover, the defendant could not have testified as his transactions were had with Mr. Allen, who was dead.

RAILEY, C.—This action was commenced in the Circuit Court of the City of St. Louis, on September 14, 1917. The petition alleges that plaintiff is a Missouri corporation; that the Piggott Store Company was also a Missouri corporation; that on September 1, 1914, there was due plaintiff, from the last named company, the sum of $10,755.13, as per account then rendered; "that on November 1, 1914, the defendant, in writing, herewith filed and marked 'Exhibit A,' guaranteed and promised to pay said sum, and plaintiff forebore to prosecute said claim in consideration thereof; that plaintiff has frequently demanded payment of said sum from defendant, but that defendant has failed and refused to pay

the same. Wherefore, plaintiff prays judgment against defendant for the sum of $10,755.13, together with interest at the rate of six percent per annum from November 1, 1914, and for its costs."

The amended answer contained a general denial, and also the following:

"And for further defense, defendant says that, although said petition charges defendant upon an alleged special promise to answer for the debt of another, yet the alleged agreement upon which the action is brought is not in writing, nor is there any memorandum or note thereof in writing, signed by the defendant or some other person by him thereto lawfully authorized.

"And for another and further defense, defendant says that there was no consideration for his said alleged promise.

"Wherefore, having fully answered, defendant prays to be hence discharged with his costs."

The reply was a general denial of the new matter pleaded in defendant's amended answer.

Amos T. Skinner was sworn as a witness and testified substantially as follows: That he was secretary and treasurer of the Allen West Commission Company, whose corresponding office was at Little Rock, Arkansas; that plaintiff ceased to do active business about the 1st of January, 1916, which was about four months after Mr. Allen's death.

At this point counsel for defendant objected to the introduction of any further testimony, for the reason that the petition fails to state a cause of action; that it does not set forth that there was any consideration for the execution of this guaranty. This objection was overruled and an exception saved.

Witness further testified in substance that he was connected with plaintiff from 1888 until 1893, and again from 1904 to date of trial; that during the above times, he knew who defendant was, and knew him by sight; that after 1904 defendant was in plaintiff's office, and witness saw him frequently for a year or so; that during

this time defendant was president of the Piggott Store Company, and plaintiff, during that time, did business with said company, through defendant as its president; that witness kept plaintiff's books, saw and read all of its correspondence, and sent a statement of the Piggott Store Company to defendant every year while he kept the books, up to September 1, 1914, inclusive.

Plaintiff's Exhibit 1 was shown to witness, and he testified that the amount stated in this form was in his handwriting; that the date was not in his handwriting; that the name at the top of the form is in his handwriting; that he is certain the amount stated is the correct balance of that account on that date; that Exhibit 1 was sent to plaintiff's office at St. Louis, Missouri, signed "G. Richter, ex-president;" that it was received back through the mail. Witness does not recall having opened the envelope containing it; that he saw it in a batch of mail that had come in. He could not say whether it was by itself or attached to something else; that he saw it while it was with Exhibit 2; that they were together; that he saw no other statement with the letter; sometimes witness opened the mail, sometimes Allen opened it, and sometimes Horner opened it; that he (witness) saw all the mail. Witness testified that at the time he sent Exhibit 1 to defendant, there was attached to it an itemized account of the Piggott Store Company with plaintiff.

The latter offered in evidence, its "Exhibit A." It is on the letter-head of G. Richter, Rialto Building, St. Louis, Missouri, and reads as follows:

"November 1st, 1914. Allen West Commission Company. Gents: Referring to enclosed statement, which is O. K., I beg to inform you that though the debt is not mine, I intend to see it paid; your Mr. Allen promised that certain allowances will be made. Respectfully, G. Richter."

Plaintiff also offered in evidence its "Exhibit 1" as far as the signature "G. Richter, ex-president," is concerned. Both exhibits "1" and "A" were objected to

by defendant for reasons hereafter referred to, which objections were overruled, and both exhibits were admitted in evidence.

Said "Exhibit 1" reads as follows:

"Piggott Store Company.    Gustav Richter, St. Louis, Missouri.

"Allen West Commission Company, St. Louis, Missouri.

"Gentlemen:    We have examined your statement of our account dated September 1, 1914, which shows a debt balance of $10,755.13, and we find the same to be correct with the exceptions noted below.

"(Signed) Yours truly, G. RICHTER, Ex-President.—

"Exceptions: Mr. Allen agreed that the account is to be adjusted when paid."

Witness Skinner further testified that after receiving the above guaranty, plaintiff took no steps to collect said account from the Piggott Store Company.

On cross-examination, witness said that he understood the Piggott Store Company had gone out of business prior to 1905.

Edward P. Horner, who was secretary and treasurer of plaintiff up to the time of Allen's death, testified in substance, that he knew defendant; that he had a conversation with defendant in 1915; that he called on defendant to pay said account; that defendant then told witness that he had promised Mr. Allen to pay it and that he expected to pay it as soon as he could; that he told witness he always promised to pay it, agreed to it, and expected to pay it.    He never objected to the account.    Said he had always promised Allen to pay it. On cross-examination, he said the Piggott Store Company was insolvent.

The above was substantially all the testimony in the cause.    At the close of plaintiff's case, defendant interposed a demurrer to the evidence, which was overruled and an exception saved.    Defendant offered no evidence, but stood upon its demurrer.    The court, of its own motion, gave to the jury the following instruction:

"If you find from the evidence, that defendant signed the letter of November 1, 1914, and mailed same with the paper marked 'Exhibit 1' to plaintiff and that relying on same plaintiff thereafter refrained from prosecuting its claim against the Piggott Store Company, or if you find that prior to the signing and mailing of said letter by defendant he promised plaintiff only to pay said account of the Piggott Store Company, then you will find for plaintiff $10,755.13, with interest at six per cent from January 1, 1916, to date. You will find the principal and interest separately in your verdict, and also state the aggregate of principal and interest in your verdict."

The cause was submitted to the jury, and the latter returned a verdict for $12,881.03. Judgment was entered in due form on said verdict. Defendant, in due time, filed his motion for a new trial, containing seventeen grounds, etc. The court below granted defendant a new trial, for reasons hereafter mentioned. Plaintiff appealed from the order granting defendant a new trial.

I. In passing upon the judicial acts of Judge Ferriss, in granting a new trial in this cause, we have deemed it appropriate to set out, as a part of our opinion, his memorandum, found in the record, sustaining said motion. Without caption and signature, it reads as follows:

"The guaranty declared on in this case contains no consideration, and in point of fact no consideration was proved.

"It was claimed that there was a forbearance. The mere fact that the plaintiff refrained from pressing the claim against the corporation does not constitute a forbearance in a legal sense; The guaranty does not ask the plaintiff to forbear; there is no evidence that the plaintiff promised to forbear, and it is apparent that the plaintiff could have prosecuted the claim against the corporation at any time, notwithstanding this guaranty.

"Forbearance has been defined to be 'an engagement which ties up the hands of a creditor. It is an act of the creditor depriving himself by something obligatory of the power to sue.' [3 Words and Phrases, p. 2868.]

"Again: 'If the promisee could have sued at any time without breaking his contract, actual extension of time is no consideration.' [Page on Contracts, sec. 2868.]

"It follows from this that the guaranty is insufficient on its face and is unsupported by the testimony.

"I am not impressed by the argument against the action of the court in permitting parol evidence to supplement 'Exhibit A' for the purpose of identifying the statement. While it is true that an alleged guaranty made up of different papers should refer to them, yet it must be competent to show that a particular paper is the one referred to in the guaranty.

"I think, however, that the statement enclosed and referred to in 'Exhibit A' was sufficiently identified. Evidence of a prior parol promise to pay this debt, especially without consideration, did not make the subsequent written promise without consideration valid. Two negatives cannot make an affirmative.

"I am, therefore, of the opinion that the court erred in refusing the peremptory instruction offered by defendant at the close of plaintiff's case, and also erred in the instructions given by the court, both as to the question of forbearance and the alleged prior oral promise.

"For these reasons the motion for a new trial will be sustained."

We will pass to a consideration of the questions raised by appellant in its assignment of errors.

II. In order to obviate the consideration of unnecessary questions, it may be conceded, for the purpose of the case, that exhibits "A" and "1," heretofore set out, were attached and mailed by defendant to plaintiff about November 1, 1914; that prior to the latter date, and after the debt due from

Amount Due.

the Piggott Store Company to plaintiff had been contracted, and was past due, the defendant orally promised plaintiff to pay said debt, subject to certain allowances. With these concessions made for the purposes of the argument, can plaintiff successfully maintain this action?

Giving to "Exhibit A" a plain, common-sense construction, it means that, after deducting certain allowances from the Piggott Store Company debt, defendant agreed to see that the remainder of said debt was paid.

Section 2783, Revised Statutes 1909, provides that: "No action shall be brought . . . to charge any person upon any special promise to answer for the debt, . . . of another person, . . . unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith."

The plaintiff, having sued upon "Exhibit A," as an agreement between itself and defendant to pay the debt due from the Piggott Store Company to appellant, the liability of defendant thereunder, must, in view of the Statute of Frauds, supra, be measured by the terms of said "Exhibit A."

There is nothing upon the face of either the latter or "Exhibit 1," to indicate the amount claimed to be due plaintiff after deducting the allowances which were to be made. In other words, the balance due after deducting said allowances, could only be ascertained and determined by resort to extrinsic evidence. As there is nothing in either exhibit "A" or "1," indicating the balance due plaintiff after deducting said allowances; and as no evidence was introduced by plaintiff showing the same, it has failed to make out a case under the Statute of Frauds, supra. [Fox v. Courtney, 111 Mo. 147; Ringer v. Holtzclaw, 112 Mo. 519; Boyd v. Paul, 125 Mo. l. c. 14; Johnson v. Fecht, 185 Mo. l. c. 342, and following; Reigart v. Coal & Coke Co., 217 Mo. 142; Cement Co. v. Kreis, 261 Mo. l. c. 169 et seq; Anderson

v. Hall, 273 Mo. 307, 202 S. W. 540; Duncan v. Spencer, 211 S. W. (Mo. App.) 698-9.]

In Ringer v. Holtzclaw, 112 Mo. l. c. 523, 524, Judge GANTT, speaking for this Division, said:

"But under the Statute of Frauds, if the subject-matter of the contract is within the statute, and the contract or memorandum is deficient in some one or more of those essentials required by the statute, parol evidence cannot be received to supply the defects, for this were to do the very thing prohibited by the statute This must be obvious upon the slightest reflection. . . . Nor have we any inclination to add another exception to the statute, since, as said by JACKSON, C. J., in Smith v. Jones, 66 Ga. 338: 'The flood gates are open wide as to the competency of witnesses, and the only break-water left is the requisition to put this class of contracts, and others of similar character, in writing.'"

Judge SHERWOOD, in Boyd v. Paul, 125 Mo. l. c. 13, 14, said:

"In the second place, that portion of the contract which was dehors the written assignment of the lease rested in parol, and could not be introduced in evidence without acting in plain contravention of the Statute of Frauds. Where your memorandum under the statute is scant in measure you cannot piece it out by verbal additions."

The other cases cited are in accord with the law as declared in above quotations.

No other document appears in the record tending to show what allowances were to be made in the settlement of plaintiff's demand against the Piggott Store Company. No parol evidence was offered in respect to said matter. Even if the language used by defendant in "Exhibit A." (in speaking of said indebtedness) that he intended to "see it paid," be construed as a promise to pay, yet the language of said exhibit must be considered as a whole. It clearly appears from the reading of both exhibits "A" and "1" that defendant only agreed to pay the balance due, after deducting the al-

lowances which plaintiff was to make when the indebtedness was settled.

The defendant is asserting no counterclaim in this case, and was under no obligation to furnish the proof necessary to take plaintiff's case out of the Statute of Frauds. The trial court, therefore, properly held, in granting defendant a new trial, that the latter's demurrer to plaintiff's evidence should have been sustained.

III. The court below held, in sustaining defend-

Consideration. ant's motion for a new trial, that: "The guaranty declared on in this case contains no consideration, and in point of fact no consideration was proved."

The petition herein alleges: "That on November 1, 1914, the defendant in writing, herewith filed and marked 'Exhibit A,' guaranteed and promised to pay said sum ($10,755.13), and plaintiff forbore to prosecute said claim in consideration thereof."

The trial court submitted the case to the jury, as shown by the instruction heretofore set out, on the theory, that plaintiff's forbearance to sue was a sufficient consideration, etc. Plaintiff tried the case below upon the above theory, and is now before this court insisting that the cause should be reversed and its original verdict re-instated based upon said theory. It is well established law in this jurisdiction that plaintiff is concluded here by the theory upon which it tried the case below. [Brunswick v. Ins. Co., 278 Mo. 1. c. 162-3, 213 S. W. 45; Franklin v. School District, 271 Mo. 1. c. 592, 197 S. W. 345; Bank v. Clifton, 263 Mo. 1. c. 209-10; Paramore v. Campbell, 245 Mo. 1. c. 317; St. Louis v. Wright Contr. Co., 210 Mo. 1. c. 502, and cases cited; Dice v. Hamilton, 178 Mo. 1. c. 90-1.]

The petition does not allege, nor does the evidence show, that defendant, at the time the debt due from the Piggott Store Company to plaintiff was contracted, or prior thereto, agreed to be responsible for said indebted-

ness or any part thereof. On the contrary, the only promise of defendant to pay any part of said indebtedness was made after the same had been contracted, and this is the theory upon which the cause was submitted to the jury, as shown by the instruction given by the court, heretofore set out. As there was no consideration shown, except the mere forbearance to sue the Piggott Store Company on its indebtedness (notwithstanding its insolvency), the theory on which the case was submitted to the jury was clearly erroneous, and so recognized by the lower court in granting a new trial. Unless defendant at the time, or before the Piggott Store Company indebtedness was contracted, had obligated himself to pay the same, his subsequent promise to see said indebtedness paid, was without consideration and created no liability in favor of plaintiff by reason thereof. [Pfeiffer v. Kingsland, 25 Mo. 66; Williams v. Williams, 67 Mo. 1. c. 665-6; McMahan v. Geiger, 73 Mo. 145; County of Montgomery v. Auchley, 92 Mo. 1. c. 129-30; Tucker v. Gentry, 93 Mo. App. 661, and cases cited; Wollman v. Loewen, et al., 96 Mo. App. 1. c. 303; Eitel v. Farr, 178 Mo. App. 1. c. 369-70.]

IV. The court below, in sustaining defendant's motion for a new trial, properly held that no agreement was shown to the effect that plaintiff was to forbear suing the Piggott Store Company, as a consideration for defendant's alleged promise to pay the debt of said company. It does not appear from the evidence that any forbearance was asked by either defendant or the Store Company. The latter was shown to be insolvent and, hence, no reason was shown for asking a forbearance. The only evidence relating to a forbearance to sue lies in the fact that plaintiff did not sue after receiving "Exhibit A" from defendant. No forbearance to sue, was asked by anybody, nor was any agreement to forbear made between plaintiff and defendant. Respondent could have sued the Store Company, at any time after receiving "Exhibit A," without violating any legal or moral obligation which it owed

*Forbearance.*

defendant and, hence, the mere fact that it refrained from suing an insolvent company, without any agreement to forbear, afforded no consideration for defendant's subsequent promise to pay the debt of another. [Glasscock v. Glasscock, 66 Mo. 1. c. 630; Cass County v. Oldham, 75 Mo. 1. c. 52-3; Gate City Nat. Bank v. Elliott, 181 S. W. 1. c. 28; Powers v. Woolfolk, 132 Mo. App. 1. c. 360, and cases cited; Mandle v. Horspool, 198 Mo. App. 1. c. 655, 201 S. W. 639; 6 Ruling Case Law, sec. 70, p. 659 and cases cited; Page on Contracts, sec. 2868; 3 Words and Phrases, p. 2868.]

V.   It is contended by appellant that there was sufficient proof as to the consideration in support of defendant's promise to pay the Store Company's debt, because defendant had at one time been the president of this insolvent corporation.   There is no

**President of Debtor Corporation.** evidence in the record tending to show that defendant was a stockholder in the Piggott Store Company when the debt in controversy was contracted.   Nor does it appear from the evidence that he was indebted to the Store Company on account of unpaid stock or otherwise.   No such issue was tendered in the petition, but on the contrary the latter alleged, in plain, unambiguous terms, that defendant "guaranteed and promised to pay said sum, and plaintiff forbore to prosecute said claim in consideration thereof."   This contention, on the facts before us, is without merit and overruled.

VI.   It is likewise insisted by respondent that the trial court committed error in granting defendant a new trial, because Section 2774, Revised Statutes 1909, authorized the presumption that "Exhibit A," sued on in this cause, imported a consideration.

**Presumption of Consideration.** Having reached the conclusion that the alleged agreement in controversy is within the Statute of Frauds, as shown in Paragraph Two of this opinion, we do not deem it necessary to determine whether a consideration might be presumed, under Sec-

tion 2774, based upon the facts in this case as outlined in paragraph two supra, for several reasons:

First: Because the case was not tried below on any such theory.

Second: Because appellant is seeking in this court to have the case reversed, remanded, and its judgment re-instated, on the facts and issues presented to the trial court, where no such theory was presented or urged. Under the authorities heretofore cited, plaintiff must be held here to the theory adopted by it in the court below.

Third: Because, even, if the promise were sufficient to make a prima facie showing, under Section 2774, yet, as plaintiff in its petition alleged that forbearance to sue was the consideration for said promise, it must recover, if at all, upon the allegations of its petition. [Byers v. Essex Inv. Co., 219 S. W. l. c. 571.; Zasemowich v. Am. Mfg. Co., 213 S. W. l. c. 802; Roscoe v. Met. St. Ry. Co., 202 Mo. 576; McGrath v. St. L. Transit Co., 197 Mo. l. c. 105, and cases cited; McManamee v. Ry. Co., 135 Mo. 440.] Many other cases in this State might be cited to the same effect. While the foregoing were negligence cases, yet the principles of law stated therein apply with equal force to the case at bar.

We are of the opinion that where the petition, like the case before us, specifically alleges the forbearance to sue as the consideration for the promise, no recovery can be sustained under Section 2774, Revised Statutes 1909, on the theory that a consideration might be presumed, even if the matter had been presented in the trial court.

Fourth: Because a presumption can only be indulged in the absence of evidence on that subject. In this case the petition alleges that the forbearance to sue was the consideration for said promise. This was the issue presented to the jury in the court below, and upon which a verdict was returned for plaintiff. The latter is insisting here that we should convict the trial court of error, in setting aside its verdict, based upon the al-

legation of plaintiff's petition, without any reference to Section 2774 supra. If we should reverse the case, and direct the trial court to reinstate the original judgment based upon the verdict of the jury, it would have to be done on the theory that the forbearance to sue, as alleged in petition, was a sufficient consideration for defendant's promise, regardless of the above section. In cases of this character, where the plaintiff has alleged the specific facts relating to the consideration for said promise, it must recover alone upon such allegations, and would not be entitled to indulge in presumptions, relating to that issue, even if the trial court's attention had been called thereto, and the matter urged in said court. In other words, no presumption can be indulged where the petition in direct language alleges that the forbearance to sue was the consideration for the promise aforesaid, and where the case was tried below upon the above theory, as shown by the court's instruction heretofore set out. [Stack v. General Baking Co., 223 S. W. (Mo.) 1. c. 97, and cases cited; State ex rel. Peters v. Reynolds, 214 S. W. (Mo.) 1. c. 123; State ex rel. v. Ellison, 268 Mo. 240; Burge v. Railroad, 244 Mo. 1. c. 94; Tetwiler v. Railroad, 242 Mo. 178; Higgins v. Railroad, 197 Mo. 318; Mockowik v. Railroad, 196 Mo. 1. c. 571-2, and cases cited; Morton v. Heidorn, 135 Mo. 1. c. 617, and cases cited; Weller v. Railroad, 120 Mo. 1. c. 650-1.]

VII. It is further contended that plaintiff's original judgment should be restored, because defendant did not go upon the stand to testify and, hence, that a consideration should be presumed, etc. This position Failure to Testify. is untenable for two reasons: (a) Because Allen, with whom defendant dealt in respect to "Exhibit A," was dead at the time of trial, and respondent was not, therefore, a competent witness as to the merits of the controversy. (b) Because plaintiff, having failed to make a prima-facie case, no presumption can be legally indulged, in respect to defendant's failure

to testify under such circumstances. [Kerstner v. Vorweg, 130 Mo. l. c. 201; Diel v. Ry. Co., 37 Mo. App. 454.]

In Diel v. Ry. Co., 37 Mo. App. l. c. 457, Judge ROMBAUER very clearly and forcefully stated our view of the law on this subject, as follows:

"It is an elementary rule that, before a defendant can be called upon to introduce evidence to discharge himself, the plaintiff must by some legal evidence show a liability on his part."

We have carefully considered every phase of this case, and without hesitation have reached the conclusion that plaintiff is not entitled to recover upon the record before us.

The order and judgment of the court below, in granting defendant a new trial, is accordingly affirmed. *Mozley* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.